## UNITED STATES v. ONE REO SPEED WAGON.

(District Court, D. Massachusetts.    April 9, 1925.)

No. 2790.

1. Customs duties ⊚➾130—Property of innocent owner may be forfeited for use in conveyance of smuggled merchandise.

The property of an entirely innocent owner may be forfeited under Rev. St. § 3062 (Comp. St. § 5764), providing for forfeiture of vehicles used in conveying smuggled merchandise, but court will be reluctant to extend statute to a vehicle taken from an innocent owner without his privity or consent.

2. Customs duties ⊚➾133—Liquor not presumed to have been smuggled merely because foreign.

In proceeding by government for forfeiture of truck for use in transportation of smuggled merchandise under Rev. St. § 3062 (Comp. St. § 5764), liquor will not be presumed to have been unlawfully imported merely because foreign liquor.

3. Customs duties ⊚➾130 — Truck used for transportation of smuggled liquor without privity or consent of owner held not subject to forfeiture.

Where owner of truck sent his son with truck load of fish to certain city with instructions to return with truck after delivery of fish, but son permitted third person to use truck for transportation of smuggled liquor, the truck was not subject to forfeiture under Rev. St. § 3062 (Comp. St. § 5764), since truck was not used for such purpose with privity or consent of owner.

Forfeiture libel.    Proceeding by the United States to forfeit one Reo speed wagon. Forfeiture denied.

Harold P. Williams, U. S. Atty., and Laurence Curtis, Asst. U. S. Atty., both of Boston, Mass.

Bernard E. Corbin, of Boston, Mass., for claimant.

BREWSTER, District Judge.    This proceeding is brought by the United States to enforce the forfeiture of a Reo truck owned by the claimant, John Almeida.    The circumstances are these:

On August 25, 1924, one James Russo was discovered by a state officer in the act of transporting a quantity of alcohol in the truck which he had borrowed for the purpose.    He was arrested and with the truck and alcohol turned over to a United States customs agent.    Russo was later indicted for a violation of the Tariff Act of 1922 (42 Stat. 982) and was fined on a plea of guilty.    After the arrest and seizure, these proceedings were brought under R. S. § 3062 (14 Stat. 178 [Comp. St. § 5764]) for the forfeiture of the truck.

It appeared that the claimant, a fisherman, on August 25, 1924, sent his son with a load of fish from Dennis to New Bedford, both in the district of Massachusetts, with instructions to deliver the fish in New Bedford and return to Dennis with the truck.    While in New Bedford the son, at the request of Russo, let him take the truck for the purpose, as the son testified, of moving some furniture for a short distance.

It may be that the son was not entirely ignorant of the purpose for which Russo took the truck, but I am satisfied from the evidence that the claimant had no knowledge whatever that the truck was going to be used by Russo for any purpose and was entirely innocent in the transaction.

R. S. § 3062, provides in substance that every vehicle used in conveying smuggled merchandise shall be subject to seizure and forfeiture.

[1] It has long been settled law that the property of an entirely innocent owner may be forfeited under this section.    See U. S. v. One Black Horse (D. C.) 129 F. 167; Goldsmith, Jr.-Grant Co. v. U. S., 254 U. S. 505, 41 S. Ct. 189, 65 L. Ed. 376.

In Goldsmith, Jr.-Grant Co. v. U. S., supra, Mr. Justice McKenna delivers an interesting opinion in which he states that "in breaches of revenue provisions, some forms of property are facilities, and therefore it may be said that Congress interposes the care and responsibility of their owners in aid of the prohibitions of the law and its punitive provisions by ascribing to the property a certain personality, a power of complicity and guilt in the wrong."

Analogies are drawn from very ancient laws based more or less on superstitions of the times, such as the law of deodands, the Mosaical Law, and the law of the Athenians where punishment was visited upon property and beasts causing the death of human beings.    Blackstone advances a more reasonable ground when he says "that such misfortunes are in part owing to the negligence of the owner, and therefore he is properly punishable by such forfeiture."

But in Goldsmith, Jr.-Grant Co. v. U. S., supra, the court saw fit to make an express reservation when it said, referring to a statute of like purport and effect:

"We also reserve opinion as to whether the section can be extended to property stolen from the owner or otherwise taken from him without his privity or consent."

The fair inference is that while the terms of the statute may be broad enough to include it, the court would be reluctant to extend the statute to a vehicle taken from an innocent owner without his privity or consent.

This reluctance to thus extend the operation of R. S. § 3062, is all the more justifiable when we reflect that Congress has recently seen fit to enact in the so-called National Prohibition Act (41 Stat. 305 [Comp. St. Ann. Supp. 1923, § 10138¼ et seq.]) a comprehensive code for the regulation of liquor traffic and for the punishment of violators, including forfeiture of instrumentalities employed in the violation.

Russo's offense was obviously the illegal transportation of intoxicating liquor. A violation of customs laws was much less obvious. I entertain some doubts whether the government has shown that probable cause which the provisions of section 615 of the Tariff Act of 1922 (Comp. St. Ann. Supp. 1923, § 5841h35) require as a prerequisite to forfeiture proceedings.

There was evidence that some of the packages containing the alcohol found on the truck bore the name at some time of a foreign dealer, or manufacturer; but there was no evidence whatever tending to show when, where, how, or by whom the alcohol had been smuggled, if indeed it had been smuggled, or that the truck had been used in connection with any unlawful importation.

[2] Inasmuch as we are dealing with a proceeding under a statute by virtue of which property of an innocent owner may be forfeited, it would seem as if a proper solicitude for the rights of such innocent party ought to demand something more than slight evidence, or suspicion, or speculation as a ground for probable cause. As was said in U. S. v. One Ford Auto (D. C. Tex.) 292 F. 207: "No presumption could be indulged, from the mere fact of the liquors being foreign liquors, that they had been unlawfully imported." In the case at bar, we do not even know that the alcohol was foreign liquor. All we know is that it was contained in cases which at one time bore the name of a foreign dealer. So far as disclosed by the evidence before me, this was the only knowledge within the possession of the customs officer at the time of the seizure.

It might also be suggested that the search and seizure of the truck by the state officer cannot be justified by any provision of the ancient statute invoked by the government. Whether the government can adopt this unlawful act as a basis for lawful forfeiture proceedings is a question upon which the authorities are not in accord.

See United States v. Loomis (C. C. A. Wash.) 297 F. 359; United States v. Story (C. C. A. Tex.) 294 F. 517; Gelston v. Hoyt, 3 Wheat, 246, 310, 4 L. Ed. 381.

[3] But I do not rest my decision in the case at bar on any want of probable cause or on any illegal seizure but rather upon the construction of section 3062, which excludes from its terms vehicles used without the consent or privity of an innocent owner. This question is therefore presented: Whether, on the facts of this case, it can be held that the truck was taken from the owner with his privity or consent. The claimant had intrusted the truck to his son, and if the son had been found transporting smuggled liquors, the truck would undoubtedly have been subject to forfeiture, but on the evidence before me I am not able to find that the claimant intrusted the truck to Russo, or that he authorized his son to so intrust it. The act of the son in loaning the car could not be found to be within the scope of his express or implied authority as agent for his father.

I am consequently of the opinion that the facts fail to bring the Reo truck within the condemnation of the section under which these proceedings are instituted. The government's prayer for forfeiture of the truck is denied, and as the claimant has given bond and is now in possession of the truck, appropriate orders may be entered discharging the principal and sureties from further liability on the bond.