## UNITED STATES v. ONE OLDSMOBILE SEDAN.

### No. 6074.

District Court, D. Massachusetts.

Nov. 24, 1939.

James J. Sullivan, Sp. Atty., of Boston, Mass. (Edmund J. Brandon, U. S. Atty., and William J. Koen, Sp. Asst. to U. S. Atty., both of Boston, Mass., on the brief), for the Government.

Irving Lewis, of Boston, Mass., for claimant.

SWEENEY, District Judge.

This is a libel for forfeiture of an Oldsmobile Sedan alleged to have been used in the transportation of narcotics in violation of 19 U.S.C.A. § 483. A claim and an answer have been filed by one Ruth L. Nurse in which she alleges that "if the said automobile was used * * * in violation of the laws of the United States, it was so used without any knowledge and consent on her part by a person, or persons, then not rightfully in possession of the said automobile." . This seems to set up two distinct bases for the recovery of the car: (1) ignorance of the violation of the law, and (2) unauthorized use of the car.

The claimant is the wife of Howard Nurse, and is the sister-in-law of Lonnie Nurse. On March 14, 1939, one Oldsmobile Sedan, Engine No. F712,759 and Registration No. 559,684, was seized by the Massachusetts State Police at Framingham, and Lonnie Nurse, who was driving the car at the time, was arrested. Five ounces of heroin (morphine hydrochloride) were found on the front seat of the car. The automobile was turned over to the custom authorities, and this libel of forfeiture has been filed by the United States.

Commencing on or about March 5, 1939, the claimant and her husband left their car at the Sexton Garage in Boston. They intended to keep it there for a month or two. They worked in Newton, which is about ten miles from the garage where they left

---

[1] No opinion for publication.

their car. The keys and the certificate of registration were left in the car. As was the custom when they left the car at the garage, they received a ticket evidencing the fact that the garage had the custody of the car. Although the husband testified otherwise, I find on all the evidence that he was friendly with his brother Lonnie Nurse, and that they had been in and out of the garage together in the car. I find that on the night in question the claimant did not know that the car was being used to transport narcotic drugs.

In Dobbins v. United States, 96 U.S. 395, 404, 24 L.Ed. 637, the Supreme Court held in the case of land that had been leased to a distillery that the illegal acts of the distiller bound the owner of the property as though they were committed by himself, and stated, "Power to that effect the law vests in him by virtue of his lease; and, if he abuses his trust, it is a matter to be settled between him and his lessor; but the acts of violation as to the penal consequences to the property are to be considered just the same as if they were the acts of the owner."

Again in Goldsmith, Jr.-Grant Co. v. United States, 254 U.S. 505, 41 S.Ct. 189, 191, 65 L.Ed. 376, the court, denying the claim of a finance company for the return of a car used without its knowledge in the transportation of distilled spirits, stated: "It is the illegal use that is the material consideration,-it is that which works the forfeiture, the guilt or innocence of its owner being accidental."

I therefore conclude that the simple lack of knowledge on the part of the owner that the instrument was being used in violation of the laws is not a good defense to the Government's libel.

Turning next to the claim that the car was being used without the knowledge or authority of the claimant, the burden of establishing this defense is on the claimant. I find that probable cause has been shown for the institution of the libel under 19 U.S.C.A. § 1615. Whether, if this claim were proven, it would be a defense to the forfeiture of the car, I do not pass upon. In Goldsmith, Jr.-Grant Co. v. United States, supra, the court particularly refrained from extending its opinion to cover a situation where property might have been stolen from the owner or otherwise taken from him without his privity or consent. It is unnecessary to pass upon this question, as I find that this claimant has not maintained the burden of proving that the car was used by Lonnie Nurse on the night in question without her knowledge or authority. The evidence strongly indicates the contrary. The failure of the owner to remove her keys and registration from the car might be attributable to mere negligence on her part. The fact that the person securing the car from the garage had to tender to the garage the original receipt that was given to the owner of the car when it was left there is evidence of something more than unexplained negligence. I find that the claimant has not met the burden of proving that the car was used without her knowledge or authority.

On all the evidence I conclude that the automobile in question should be forfeited to the use of the United States. A decree in accordance with the above may be submitted.

The claimant's requests for rulings are denied.