670

## UNITED STATES v. ONE CHEVROLET TRUCK et al.

### Civil Action No. 332.

District Court, S. D. Texas,
Brownsville Division.

Sept. 29, 1945.

Brian S. Odem, U. S. Atty., of Houston, Tex., and Chas. C. Bowie, Ass't U. S. Atty., of Brownsville, Tex., for plaintiff.

Roy Buckley, of Mission, Tex., for claimant.

HANNAY, District Judge.

The object of this suit was an application for warrant for further detention of property, which application was filed on January 19, 1945. On the same day the court ordered such detention, as applied for. On February 9, 1945, the petition of Cruz Bandin for remission was duly filed, and on May 18, 1945, the trial was had before the court, and the case was submitted.

Petitioner Bandin prayed that he recover possession of One Chevrolet stake body truck, Model 1934, one and one-half ton, Engine No. 4422765, Texas license of 1942 being 376—692, with 1944 license of M. H. 446. Bandin alleges that he is the owner of said truck, which truck was stolen from a public street in McAllen, Texas, between the hours of 8:00 p.m. and 10:30 p.m. on January 10th, 1945, from the front of the Aztec Theatre, by some person or persons unknown to petitioner, and without the knowledge or consent of said petitioner. He further says in his pleadings and testimony that he had loaned said truck to his brother, Guadalupe Bandin; that he himself was in Houston at said time. Guadalupe Bandin testified to the same effect, and that he, immediately upon learning that the truck had been stolen, reported said fact to the Police Department of McAllen, Texas. The truck in question was seized in Hidalgo County, Texas, on January 10, 1945, by Customs Patrol Inspectors, under circumstances that were suspicious. Said truck, which had been abandoned at the time of its seizure, contained forty (40) sacks of paraffin and a baby bed with springs. It is the contention of the Government that said truck was about to be used in transporting such paraffin and baby bed across the Rio Grande and in to Mexico without the proper authorization permit or license.

In the case of United States v. One Oldsmobile Sedan, D.C., 30 F.Supp. 254, it is held that mere lack of knowledge of the owner of the automobile which was seized in violation of a statute prohibiting transportation of narcotics, that the automobile so used in violation of law, did not constitute a defense to the Government's libel for forfeiture of the automobile, 19 U.S.C.A. § 483, and that the claimant who sought recovery of the automobile as its owner has the burden of establishing the defense that the automobile was being used at the time of the seizure without the knowledge or consent of claimant. See also United States v. One Reo Speed Wagon, D.C., 5 F.2d 372.

 I find from all the evidence that the claimant herein had no knowledge and gave no authority for the use of such car, and that he has, therefore, met the burden of proof placed upon him. It follows that he is entitled to have returned to him his said car.

 I further find that the paraffin and the baby bed involved in this case are subject to forfeiture.

The Clerk will notify counsel.