676

UNITED STATES v. ONE 1938 CHEV-
ROLET COACH AUTOMOBILE,
MOTOR NO. 1375039.

Civil Action No. 851.

District Court, W. D. South Carolina,
Greenville Division.

July 27, 1948.

Oscar H. Doyle, U. S. Atty., and Walter H. Hood, Asst. U. S. Atty., both of Greenville, S. C., for the United States.

Robert R. Reynolds and I. C. Crawford, both of Asheville, N. C., for claimant, Mrs. Elizabeth Daughtry Autry.

WYCHE, District Judge.

In this action the United States seeks to forfeit the defendant automobile under the provisions of 49 U.S.C.A. § 782, upon the ground that it had been used to transport and conceal two packages of narcotic drugs in violation of the laws and regulations of the United States dealing therewith.

Mrs. Elizabeth Daughtry Autry intervened in the action and alleges that she is the owner of the automobile; that it was unlawfully in the possession of the persons transporting and possessing the narcotic drugs; and that they acquired the possession of the automobile in violation of the criminal laws of the State of North Carolina.

The facts are as follows: Mrs. Elizabeth Daughtry Autry, the owner of the defendant motor vehicle, is a resident of North Carolina. On August 21, 1947, she allowed her husband, J. E. Autry, to use the defendant automobile in connection with their business; while in the possession of the automobile he became grossly intoxicated; while so intoxicated he allowed one Robert Fletcher Jarrett and one William Robert Elliott to take charge of the car while he was in it in an intoxicated condition. Elliott and Jarrett acquired, and had possession in the car upon their person, two packages of hypodermic tablets of Morphine Sulphate, which they intended to sell, but they never disclosed the possession thereof, nor their intention to sell the same, to Autry. They occupied the front seat of the automobile with a woman companion of Elliott's, while Autry occupied the back seat alone in a drunken stupor. Jarrett and Elliott, with Autry lying in such condition on the back seat, drove the car around in North Carolina, where Jarrett and Elliott attempted unsuccessfully to sell their narcotics. They then drove to Gaffney, South Carolina, and Jarrett and Elliott made another unsuccessful attempt to sell their narcotics. They then drove the car to within about five miles of Greenville, South Carolina, where a South Carolina Highway Patrolman stopped the car and found upon Elliott's person the packages of narcotic drugs. At this time Autry was lying on the back seat of the car in a drunken stupor. The car was seized and turned over to an Inspector of the Bureau of Narcotics, and appraised at less than $1000. Mrs. Autry filed a claim and cost bond of $250, and this action followed.

Autry was too drunk at the time Jarrett and Elliott obtained possession of the car for him to have been able to have given his intelligent and understanding consent that Jarrett and Elliott could use the car for any purpose. Jarrett and Elliott never did reveal to Autry, but concealed from him, their possession of the narcotic drugs.

Under such facts I must conclude as a matter of law that the defendant automobile was used on August 22, 1947, by Jarrett and Elliott to transport and conceal the narcotic drugs which were possessed by them with intent to sell and offer them for sale in violation of the laws and regulations of the United States dealing therewith. I must also conclude that Mrs. Elizabeth Daughtry Autry, the owner of the defendant automobile, has established that the acts of Jarrett and Elliott set forth herein, were committed by Jarrett and Elliott while they unlawfully possessed the automobile, and that they had acquired possession thereof in violation of the criminal law of the State of North Carolina, to wit, Chapter 20, Section 105, General Statutes of North Carolina:

"Unlawful taking of a vehicle.—Any person who drives or otherwise takes and carries away a vehicle, not his own, without the consent of the owner thereof, and with the intent to temporarily deprive said owner of his possession of such vehicle, without the intent to steal the same, is guilty of a misdemeanor. The consent of the owner of a vehicle to its taking or driving shall not in any case be presumed or implied because of such owner's consent on a previous occasion to the taking and driving of such vehicle by the same or different person. Any person who assists in, or is a party or accessory to or an accomplice in any such unauthorized taking or driving, is guilty of a misdemeanor."

Title 49 U.S.C.A. § 782 is as follows: "Any vessel, vehicle, or aircraft which has been or is being used in violation of any provision of Section 781, * * * shall be seized and forfeited: Provided, That no vessel, vehicle, or aircraft used by any person as a common carrier * * *. Provided further, That no vessel, vehicle, or aircraft shall be forfeited under the provisions of this chapter by reason of any act or omission established by the owner thereof to have been committed or omitted by any person other than such owner while such vessel, vehicle, or aircraft was unlawfully in the possession of a person who acquired possession thereof in violation of the criminal laws of the United States, or of any State." (Emphasis added.)

Since the possession of the defendant automobile was obtained from the owner's husband in violation of the criminal laws of the State of North Carolina, I must deny the petition of Libellant for forfeiture of the defendant automobile.

For the foregoing reasons, I must conclude that the claimant Mrs. Elizabeth Daughtry Autry is entitled to the return of her automobile and the cash cost bond deposited by her, and which is now in the Registry of this Court.