**UNITED STATES v. ANDRADE.**

No. 12119.

United States Court of Appeals,
Ninth Circuit.

March 23, 1950.

Frank J. Hennessy, U. S. Atty., Joseph Karesh and Robert F. Peckham, Assts., San Francisco, Cal., for appellant.

Fred A. Watkins, San Francisco, Cal., for appellee.

Before STEPHENS and BONE, Circuit Judges, and BLACK, District Judge.

BLACK, District Judge.

The United States has appealed to this court from an order of the district court denying forfeiture to the government of one 1947 Cadillac sedanette automobile and directing instead that such vehicle should be turned over to the intervener, Jack Andrade, the appellee herein.

The government seized and sought forfeiture of said Cadillac automobile because of illegal transportation and sale of narcotics in same on several occasions.

The intervener is the vendor of said automobile under a conditional sales contract to one Everett Brown, vendee.

The district court held that said intervener as vendor at all times "acted in good faith and in complete innocence" of the unlawful use of said vehicle.

The evidence below established without any contradiction that on four separate occasions in February and March, 1948 one Kado Barrow illegally transported and sold heroin in such Cadillac, Brown not being in the car on any of such four trips. These transactions were in violation of the Harrison Narcotic Act, 26 U.S.C.A. §§ 2553 and 2557, and the Jones-Miller Act, 21 U.S.C.A. § 174.

The undisputed evidence is as follows: that the automobile here involved was regu-

larly parked in front of or in the immediate vicinity of 1430 O'Farrell Street, San Francisco, California; that said Everett Brown, the vendee and registered owner, and said Kado Barrow resided at such address; that on each of such occasions in February and March above-mentioned said Kado Barrow was observed to leave 1430 O'Farrell Street and enter the said automobile and drive same to a prearranged place, where on each occasion while in the automobile he made a sale of heroin which he brought to such place of sale in said vehicle.

The further uncontradicted evidence was that arrangement for each of such illicit sales was made by an informer placing a telephone call from the office of the Bureau of Narcotics to the telephone listed to the name of Everett Brown at such address of 1430 O'Farrell Street; that during one of such illicit sales a Ruby Slater was in the car with Kado Barrow; that the last such sale in said car was on March 23, 1948 and that the following day Kado Barrow was arrested in another vehicle in possession of narcotics; that on the same day Everett Brown and said Ruby Slater were arrested at 1430 O'Farrell Street; that at the time of her arrest she was found in possession of a quantity of narcotics and Everett Brown then had the keys to such Cadillac automobile.

All three of them in due course were convicted of narcotic violations, Kado Barrow being sentenced to ten years imprisonment, Ruby Slater to one year and one day, and Everett Brown to fifteen years imprisonment, all of said convictions being for other narcotic offenses than those occurring in the Cadillac.

Everett Brown, who was the registered owner of said Cadillac, purchased same from the appellee for $5,356 in October, 1947, paying $2,327 down and about $800 more before the seizure.

The intervener asked return of the vehicle under the terms of the conditional sales contract by reason of the unpaid balance in excess of $2,000.

Neither Barrow, Brown or Ruby Slater testified in the hearing below, each being engaged in serving the imprisonment sentence imposed. The intervener offered no evidence except in support of his claim of good faith in the sale and lack of knowledge of the unlawful use. When Everett Brown purchased the automobile in 1947 the vendor was informed that he was twenty-seven years of age and employed as a foreman on the waterfront. At such time Brown gave as references the manager of a bank and a certain individual who had been his bondsman in connection with numerous arrests and who knew that Brown had already been convicted of a previous narcotic offense. However, no inquiry was made by the vendor of such references because Brown's own statement of his financial ability and particularly the substantial cash payment were satisfactory to the vendor.

The trial court having the advantage of seeing the intervener personally found that the seller was "at all times * * * in good faith and in complete innocence" and that there were "no circumstances sufficient to arouse the suspicions of a reasonable and prudent person." The appellant assigned no error as to this finding and same is binding on this appeal.

But it is agreed by both appellant and appellee that if Kado Barrow had permission from Everett Brown to use such automobile that his unlawful use of same for transportation or sale of narcotics would justify forfeiture although the vendor had no inkling of same and even whether or not Brown had any knowledge of such narcotic violations. Appellant and appellee further are in agreement that Sections 781, 782 and 784 of Title 49 U.S.C.A. and Section 1615 of Title 19 U.S.C.A., by reference thereto in Section 784 of Title 49, govern the forfeiture proceedings here involved.

The applicable portions of these sections follow:

"Section 781 * * *

"(a) It shall be unlawful (1) to transport * * * any contraband article in, * * * any * * * vehicle * * *; or (3) to use any * * * vehicle * * * to facilitate the transportation, * * * sale, * * * of any contraband article.

"(b) * * * the term 'contraband article' means—

"(1) Any narcotic drug * * * possessed with intent to sell or offer for sale in violation of any laws or regulations of the United States * * *."

"Section 782. Seizure and forfeiture

"Any * * * vehicle * * * which has been or is being used in violation of any provision of section 781 * * * shall be seized and forfeited: Provided, * * * That no * * * vehicle * * * shall be forfeited under the provisions of this chapter by reason of any act or omission *established* by the owner thereof to have been committed or omitted by any person other than such owner while such * * * vehicle * * * was *unlawfully in the possession* of a person who acquired possession thereof in violation of the criminal laws of the United States, or of any State." (Italics ours.)

"Section 784. * * *

"All provisions of law relating to the seizure, summary and judicial forfeiture, and condemnation of * * * vehicles for violation of the custom laws; * * * the remission or mitigation of such forfeitures; * * * shall apply to seizures and forfeitures * * * under the provisions of this chapter insofar as applicable * * *."

"Section 1615. Burden of proof in forfeiture proceedings

"In all suits or actions brought for the forfeiture of any * * * vehicle * * * seized under the provisions of any law relating to the collection of duties on imports * * * where the property is claimed by any person, the burden of proof shall lie upon such claimant; * * * Provided, That probable cause shall be first shown for the institution of such suit or action, to be judged of by the court, * * *"

■ The undisputed evidence as to such repeated unlawful use of the vehicle involved for the transportation and sale of heroin certainly constituted the showing of probable cause for the institution of the suit or action to forfeit the Cadillac. And from the record it does not appear that the trial judge had any doubt that such probable cause had been shown nor does it appear that anyone at such trial questioned whatsoever the adequacy of such showing.

■ The appellee, while not contending that the good faith alone of the vendor as found by the trial court authorizes return of the Cadillac to him, does contend that the additional findings of the trial court that Kado Barrow was in the illegal possession of the automobile on each of the four occasions that he transported and sold such narcotics as well as the further finding of the trial court that Everett Brown, the vendee, did not at any time expressly or impliedly authorize Barrow to have possession of such Cadillac not only justified but required the return of the automobile to the claimant.

As to Barrow's possession the trial court did find: "that said Everett Brown did not at any time expressly or impliedly authorize Cato Barrow to have possession of said 1947 Cadillac sedanette automobile; that said Cato Barrow was in illegal possession of said 1947 Cadillac sedanette automobile on March 24, 1948, at the time the Federal agents, Bureau of Narcotics, Treasury Department of the United States, seized said car, nor at any other time."

The appellant, however, insists that a reading of the transcript discloses that there was no evidence at all to "establish" that Barrow's possession of the Cadillac was illegal or to "establish" that Brown did not consent to such possession.

With that contention of appellant we must agree.

The uncontradicted evidence submitted unquestionably would have permitted the trial court to have found affirmatively that Kado Barrow was in possession of such automobile with the permission of Everett Brown, the registered owner thereof.

The argument of appellee is that the trial judge in the absence of affirmative evidence that Kado Barrow had the consent of Everett Brown to use the automobile was right in finding Barrow was illegally in possession of the car. If the statute instead were worded so as to have placed the "burden of proof" on the government there would, of course, be more merit in the position of ap-

pellee. However, as specifically stated in Section 782 of Title 49 above-mentioned the owner shall *"establish"* that the vehicle "was unlawfully in the possession of a person who acquired possession thereof in violation of the criminal laws of the United States, or of any State." Moreover, in Section 1615 of Title 19, supra, made by Section 1784 of Title 49 applicable to this proceeding, it is provided that *"the burden of proof shall lie upon such claimant"*. Thus, the government did not have to "establish" that Barrow's possession of the vehicle was legal. On the contrary, any illegality had to be "established" by the claimant. General Motors Acceptance Corp. v. U. S., 6 Cir., 63 F.2d 209; U. S. v. One Dodge Coupe, D.C., 43 F.Supp. 60; U. S. v. One 1937 Hudson Terraplane Coupe, D.C., 21 F. Supp. 600. The claimant actually failed to present any evidence at all to *establish* such.

■ The libel proceeding here involved is primarily a proceeding in rem against the automobile as authorized by the statute. The appellee entered the proceeding as an intervener subject to the statutory obligations of a claimant. It has been frequently decided that a legal owner or vendor claimant is not entitled to relief from the forfeiture by reason of good faith or innocence. See United States v. One Ford Coupe, 272 U.S. 321, 47 S.Ct. 154, 71 L.Ed. 279, 47 A.L. R. 1025; U. S. v. One 1940 Packard Coupe, D.C., 36 F.Supp. 788.

We have not overlooked U. S. v. One Reo Speed Wagon, D.C., 5 F.2d 372; Platt v. U. S., 10 Cir., 163 F.2d 165; and U. S. v. One 1938 Chevrolet, D.C., 78 F.Supp. 676 cited by appellee. But none of these three cases supports any contention that the government rather than claimant had to affirmatively *"establish"* that the use was with the consent of the owner or that the government had the "burden of proof". On the contrary, in two of such cases it was held by the court that the claimant had by the evidence affirmatively established that the possession of the vehicle by the narcotic violator was unknown to the owner and was without the consent of any other person who had authority or ability to consent. In the other case the evidence affirmatively showed that the owner had no knowledge of intended unlawful use and moreover that her daughter at no time had the morphine in the automobile but was merely on her way from the drugstore toward her mother's automobile when she was arrested.

■ There is a suggestion on the part of appellee that the trial court's decision might be sustained on the theory that such was a "remission or mitigation of such forfeiture". However, it has been repeatedly held under the statutes applicable that the district court is without jurisdiction to release a seized automobile by way of mitigation or remission or to remit the forfeiture to the extent of the innocent lienor's or owner's interest. U. S. v. One 1941 Plymouth Tudor Sedan, 10 Cir., 153 F.2d 19; U. S. v. One 1946 Plymouth Sedan, D.C., 73 F.Supp. 88; U. S. v. One 1941 Chrysler Brougham Sedan, D.C., 74 F.Supp. 970; and U. S. v. Heckinger, 2 Cir., 163 F.2d 472, in which last case it is said that the ruling in 73 F.Supp. 88, supra, "was correct."

■ Under the decisions and the statutes claimant's remedy would appear to have been administrative by application to the Secretary of the Treasury as provided for in Title 19 U.S.C.A. § 1618.

[8] This court fully recognizes that findings of fact of the trial court are not to be set aside unless clearly erroneous. Federal Rules of Civil Procedure, rule 52(a), 28 U.S.C.A. But in this case we must find that there was no evidence at all to "establish" or support the finding that Barrow took illegal possession of the automobile from Brown without his consent. The statute placed the burden of so establishing by competent evidence upon the claimant Andrade.

Reversed and remanded to the trial court to enter appropriate order and decree of forfeiture in favor of the government as prayed for.