UNITED STATES v. ONE 1952 FORD VICTORIA (CRESTLINE MODEL).

No. 26219.

United States District Court,
N. D. California, S. D.

Sept. 4, 1953.

car which it had sold on a conditional sales contract.

Prior to filing its claim in the case at bar, claimant sought to recover the Ford through administrative action. It appealed to the Attorney General, with whom discretion lay, for the return of the vehicle. Claimant asserted that it acted in good faith in selling the car to Niacaris who had no criminal record of any kind at the time the transaction was consummated. Claimant asserted that Niacaris had worked steadily in a bakery and more recently for the Merchant Marine. Under the circumstances claimant believed that as an innocent party it was entitled to recover the vehicle in order to protect its substantial equity. The narcotic agents, who would themselves be the beneficiaries of the libelant's automobile in the event it were not returned to claimant, made an unfavorable recommendation with respect to returning the Ford. The Attorney General concurred and thereafter claimant was forced to commence the instant action to protect its interest in the automobile.

Lloyd H. Burke, U. S. Atty., Oakland, Cal., Donald B. Constine, Asst. U. S. Atty., San Francisco, Cal., for libelant.

Heller, Ehrman, White & McAuliffe, Eugene S. Clifford, San Francisco, Cal., for claimant S & C Motors.

HARRIS, District Judge.

Libelant filed a libel of information in November 1952, alleging that the subject matter of the instant action had been used by one Chris Niacaris on October 17, 1952, in San Francisco in violation of 49 U.S.C. A. §§ 781–788 inasmuch as the operator of the car had used the vehicle to facilitate the transportation of contraband narcotic drugs. Accordingly, the car was subject to forfeiture.

Claimant, the S & C Motors, seeks to recover possession of the Ford sedan. Claimant's interest in the automobile consists of its equity in the sum of approximately $1,600 which was still owing by Niacaris at the time the automobile was seized. Claimant had retained title to the

In seeking recovery of the seized car, claimant makes several assertions. First, it points out that there was an unlawful search and seizure by the libelant at the time the car was seized by the federal agents. Between the time that the agents arrested Niacaris and the time they took the automobile, some two to three hours elapsed. Claimant believes there is significance to such time gap. Such, however, is not the case. The seizure occurs when the car is illegally used. The physical repossession of the automobile may occur subsequently. 49 U.S.C.A. § 782.

The libel action for forfeiture is an *in rem* proceeding against the car itself. Unless the claimant is able to maintain the burden of proof as to its own right to the vehicle, forfeiture will be declared if the libelant has established probable cause for instituting the suit. United States v. Andrade, 9 Cir., 181 F.2d 42.

Libelant contends it has established probable cause for institution of these proceedings by showing that the car was used

to facilitate the transportation of contraband narcotic drugs.

The question arises as to whether claimant has maintained the burden of proving that the automobile was not actually used as a means of transporting the narcotics: Claimant relies upon the testimony of Niacaris himself. He testified that he picked up the package of marijuana in the hotel itself at the direction of his companion, Lippi. Reportedly, the marijuana was hidden under a rug. Niacaris placed the package in his suit just prior to making his entry in his companion's room when the two men were accosted by the federal agents, searched and then placed under arrest. If the testimony of Niacaris is believed to be true, it establishes the fact that the Ford automobile was not used to "facilitate" transportation of contraband narcotic drugs.

Claimant relies upon United States v. Physic, 2 Cir., 175 F.2d 338, in support of its position that it is entitled to the car. The Physic case deals with the efforts of an acquitted owner of an automobile to recover the car which had been seized for use in the trafficking of heroin. The court ruled that the government had not established probable cause by acting upon the hearsay information of the narcotic official. The Physic case is readily distinguishable from the action at bar. While libelant acted in much the same manner in pursuing Niacaris and seizing his automobile, Niacaris himself is not the claimant in the principal action. Rather, the S & C Motors, which has no standing to protest the illegal search and seizure is asking for relief by the court. The seizure and search of the automobile may constitute a violation of the constitutional rights of Niacaris, but not of the claimant. United States v. One Buick, D.C., 21 F.2d 789; United States v. One Gardner, D.C., 35 F.2d 777; United States v. One 1951 Cadillac, D.C., 107 F.Supp. 491.

Claimant also relies on United States v. One Reo Speed Wagon, D.C., 5 F.2d 372, in support of its position that it is entitled to recover the car. In the Reo case the court awarded the seized car to the claimant whose son had loaned the vehicle,

without the permission of the owner-father, to an individual who used it on a single occasion to transport liquor. The court held that under the terms of the statute the owner was entitled to recover because there was no privity between the illegal operator and the innocent owner. By way of dictum the court further stated that it would show solicitude for the rights of an innocent party before it would approve condemnation of a vehicle because of the misdeeds of another. The court stated that it would demand more than slight evidence, or suspicion or speculation as a ground for probable cause.

There is no direct evidence that the Ford car in question was used in the transportation of narcotics, nor is there any evidence that contraband had been found in the car. Niacaris stated the marijuana was in the hotel itself and that neither on this occasion nor on any prior occasion had he actually used the automobile to facilitate the transportation of narcotics. If such be the case then the vehicle was not actually used and the government lacked probable cause for seizing the Ford in question. The information in the possession of the arresting agents dealt entirely with a companion, Lippi, a well-known narcotics dealer with a record. It was this individual whom the agents were attempting to arrest when they stumbled upon Niacaris and also seized the car in which he drove to the hotel where the two men were discovered.

Claimant asserts that his plea of guilty of unlawful possession does not support a showing of probable cause. The testimony of Niacaris himself, plus the fact that the agents failed to discover any drugs in the automobile, show that the car had no narcotics in it and was not used to facilitate the transportation of marijuana. The mere fact that a car is used by a law violator does not establish the requirement for "facilitation." Platt v. United States, 10 Cir., 163 F.2d 165.

United States v. Andrade, 9 Cir., 181 F.2d 42, dealt with an action in which a Cadillac had been used on at least four identifiable occasions for the transportation of narcotics and the actual consummation of narcotic sales.

Thus it is distinguishable on its facts from the case at bar.

The claimant has sustained the burden of proof as established by direct evidence that the vehicle in question was not used to transport or facilitate the transportation of contraband narcotics. Decree may be entered accordingly upon presentation of findings of fact and conclusions of law.