**UNITED STATES**

v.

**ONE OLDSMOBILE SEDAN.**

No. 804.

United States District Court
E. D. Louisiana, New Orleans Division.

Jan. 25, 1954.

George R. Blue, U. S. Atty., Prim B. Smith, Jr., Asst. U. S. Atty., New Orleans, La., for libelant.

Marcus Steeg & Jones, Edward V. Frayle, New Orleans, La., for claimant.

WRIGHT, District Judge.

The libel of the United States charges that the 1949 Oldsmobile was used to facilitate the transportation and sale of marihuana in violation of 49 U.S.C.A. § 781 and that therefore said vehicle should be forfeited to the United States under 49 U.S.C.A. § 782. The intervenor, Associates Discount Corporation, having obtained a mortgage on the vehicle in good faith and without knowledge of any criminal activity on the part of the owner, asks that the libel be dismissed and the vehicle released to it. The issues of fact and law having come on to be heard on the pleadings and proofs of the parties and due deliberation having been had, the court now makes the following findings of fact and conclusions of law.

Findings of Fact

1. The United States and intervenor have entered into the following stipulation respecting the facts surrounding the seizure of the vehicle:

"At approximately 10:00 o'clock P.M. on May 15, 1952, Narcotic Agent N. D. Perry, while accompanied by Special Employee Joseph Delille, entered the Freret Bar located at the corner of Freret and Washington Streets, New Orleans, Louisiana. Upon entering the bar, he met Rudolph Williams who was accompanied by several known narcotic peddlers. The agent held a conversation with Williams which brought out the fact that Williams was in a position to sell dilaudid and marihuana cigarettes. The agent then stated that he wished to purchase marihuana cigarettes. At that time, the agent observed defendant Henry Diggs in the tavern. Williams stated that it would be necessary to go outside and left the tavern accompanied by the agent and special employee. The defendant Diggs followed behind. Williams indicated the 1949 Green Oldsmobile Sedan, License No. 137–672, and the group proceeded to the parked car. As the group drew near it was noticed that the front seat was occupied by an unknown female and the rear seat was occupied by Edward Porter who was known to the agent as a narcotic peddler.

"Diggs entered the car and sat behind the wheel, as Williams, the agent, and the special employee stood outside and held a conversation with the occupants of the car. Williams, in the presence of all, asked the agent how many he wanted and the agent responded "Five". Williams then leaned towards the rear window of the car and spoke to Porter, saying "Give me 5". Defendant Porter was seen to reach within his clothing, remove 5 marihuana cigarettes, and hand them to Williams who in turn handed them to the agent. Agent Perry then gave Williams $5.00 in Government funds. Completing this action, Williams entered the car which was driven off by Diggs."

2. The United States and intervenor have entered into the following stipulation as to the facts concerning the mortgage on the vehicle held by the intervenor:

"That Archie Diggs (brother of Henry Diggs) is the true and record owner of one 1949 Oldsmobile Sedan, Motor No. 6A62307 which is the subject of this libel; that said automobile has been seized by the Government under the provisions of Title 49 United States Code Annotated, § 782; that at the time of the commission of the offense for which this car has been seized by the Govern-

ment the said owner, Archie Diggs, was not present therein nor had he any connection therewith; that claimant herein, Associates Discount Corporation, is the holder for value of a valid first mortgage on said automobile which is now in the possession of the Government under seizure; that a careful investigation was made of Archie Diggs in accordance with the usual procedure by Associates Discount Corporation, which consisted of obtaining a credit report, a check at various banks as to the credit status of the said Archie Diggs, and after an ostensible investigation of the party with whom they were dealing; and that the said credit report and investigation did not indicate that the said Archie Diggs was in any way involved in any illicit transactions; that according to the records of the State of Louisiana and the United States Government the said Archie Diggs has never been convicted of any violations under the National Narcotics Act, and your claimant had no reason to believe that the said Archie Diggs had any connection with the illicit drug traffic.

"That in order to ascertain how readily information was available to Associates Discount Corporation for determining whether a party had a state criminal record, on May 25, 1953, Edward V. Frayle, Attorney at Law, a member of the firm of Marcus and Steeg who represents the claimant herein, proceeded to find out whether or not Archie Diggs had a criminal record by inquiring in person at the Bureau of Identification, State of Louisiana, located at Tulane and Broad Streets in the city of New Orleans, in order to properly investigate said matter. That it was necessary firstly to secure the written approval of the Office of the District Attorney for the Parish of Orleans, which consumed something in the vicinity of thirty minutes, and only then was given permission to get the necessary information because he was an Attorney at Law, and promised that this information would not be used for public purposes. He then proceeded to the Bureau of Identification on the floor below in the Criminal District Court Building where only selected information was shown to him from the file of Archie Diggs. It is estimated that it took about two and one-half hours for an Attorney at Law to get any information which could definitely determine whether or not Archie Diggs was a narcotics violator under the state law. That such information was definitely not available by telephone, or to the casual inquirer. There are no convictions, nor is there any information in said state file as to whether the said Archie Diggs has ever been tried in the state courts as a narcotics violator. That the purpose for such investigation was to determine how available this information would be to a commercial organization, which does not have the privileges of an active practitioner in the law, and we have found that such information is not readily available whereby a commercial transaction, such as a mortgage or sale could be expeditiously carried out in accordance with all good business practices."

### Conclusions of Law

1. The vehicle in question was used in violation of 49 U.S.C.A. § 781.

2. Since there is no showing that at the time of its unlawful use the vehicle was a common carrier or "was unlawfully in the possession of a person who acquired possession thereof in violation of the *criminal laws* of the United States, or of any State", it must be forfeited to the United States. 49 U.S.C.A. § 782.

3. The good faith of the intervenor in accepting the mortgage on the vehicle only after a complete investigation of the mortgagor as a law-abiding citizen cannot prevent the forfeiture. Goldsmith, Jr.-Grant Co. v. United States, 254 U.S. 505, 41 S.Ct. 189, 65 L.Ed. 376.

4. This court is without jurisdiction to remit the forfeiture of a vehicle forfeited under the provisions of 49 U.S.C.A. § 782. United States v. Heckinger, 2 Cir., 163 F.2d 472; United States v. Andrade, 9 Cir., 181 F.2d 42.

Decree accordingly.