**UNITED STATES of America,**
**Plaintiff,**

v.

**ONE 1952 BUICK SPECIAL RIVIERA AUTOMOBILE registered in the name of Donald X. Cassius, Defendant.**

Civ. No. 4663.

United States District Court
D. Minnesota, Fourth Division.

Aug. 3, 1955.

L. Howard Bennett, Minneapolis, Minn., for claimant.

Clifford Janes, Asst. U. S. Atty., St. Paul, Minn., for the United States.

DEVITT, District Judge.

The United States Government brings an action in the nature of a libel proceeding under 49 U.S.C.A. §§ 781–788, seeking forfeiture of one Buick Special Riviera Automobile, Motor No. 69489084, registered in the name of Donald X. Cassius. Other parties reportedly having an interest in the vehicle are the General Motors Acceptance Corporation, conditional vendor of the automobile, and Anthony B. Cassius, father of Donald X. Cassius.

At the close of the Government's case the claimants moved for a "denial of relief" sought by the Government's libel. The Court denied defendant's motion, and claimants thereupon rested their case. Claimants subsequently submitted to the Court the present motion for a dismissal of the libel on the grounds that the United States had failed to establish its case and had not proved a lawful seizure.

Evidence presented by the Government included a signed statement of Donald X. Cassius admitting that he had in his possession one and one-half marijuana cigarets at the time that he was apprehended while sitting in the Buick automobile in question. In his oral testimony, Donald X. Cassius admitted that these marijuana cigarets were unlawfully possessed by him.

Testimony by Government witnesses corroborated the written statement of Donald X. Cassius and supported the libellant's contention that the vehicle should be forfeited on the grounds of being used for the transportation, concealment and possession of contraband articles, in the nature of marijuana.

■ A libel proceeding in a forfeiture case of this type partakes of the nature of a proceeding *in rem* against the automobile, itself. United States v. Andrade, 9 Cir., 1950, 181 F.2d 42; United States v. One 1949 Lincoln Coupe Auto, D.C.W.D.Mich.1950, 93 F.Supp. 666, see also United States v. One 1952 Ford Victoria, D.C.N.D.Cal.1953, 114 F.Supp. 458, 459.

■ With respect to the alleged interests of the co-owner, Anthony B. Cassius and the conditional vendor, General Motors Acceptance Corporation, the Court sees no distinction in this case for departing from the general rule that legal owners and vendor claimants of seized vehicles are not entitled to relief from forfeiture by reason of their good faith or innocence. United States v. One Oldsmobile Sedan, D.C.E.D.La.1954, 118 F.Supp. 450; United States v. One 1948 Cadillac Convertible Coupe, D.C.D.N.J. 1953, 115 F.Supp. 723; United States v. One 1949 Lincoln Coupe Auto, supra; United States v. Childs, D.C.N.D.Ga. 1942, 43 F.Supp. 776; see United States v. Andrade, 9 Cir., 1950, 181 F.2d 42, 46.

■ This Court is without jurisdiction to remit the seizure or forfeiture, United States v. One Oldsmobile Sedan, D.C.E.D.La.1954, 118 F.Supp. 450; see United States v. Andrade, supra, 181 F. 2d at page 46; the appropriate remedy for innocent claimants of a seized or forfeited vehicle is by appeal to the Secretary of the Treasury pursuant to 19 U.S.C.A. § 1618, see United States v. Andrade, supra, United States v. One 1941 Chrysler Brougham Sedan, D.C. E.D.Mich.1947, 74 F.Supp. 970, 973, affirmed Tennyson v. United States, 6 Cir., 171 F.2d 549.

Claimant relies upon language contained in the case of United States v. One 1947 Oldsmobile Sedan, D.C.N.J. 1952, 104 F.Supp. 159, 161, which case stated that the statute involved "is penal in its nature and therefore must be strictly construed * * *." The factual and legal problems presented by the New Jersey case are clearly distinguishable from the instant controversy, and consequently the case has no bearing upon the determination of the present proceedings.

The Court finds and concludes that the Government presented sufficient evidence of the wrongful possession of narcotics

in the Buick car and of a lawful seizure of the contraband articles. Claimant's motion to dismiss is denied. An appropriate order of condemnation and forfeiture may be presented.