[Civ. No. 7124.   Fourth Dist.   Apr. 18, 1963.]

THE PEOPLE, Plaintiff and Appellant, v. ONE 1949 CHEV-
ROLET SEDAN, LICENSE NO. LXS 989, ENGINE
NO. DAA 385596, Defendant; LOUIS MALDONADO
et al., Defendants and Respondents.

Stanley Mosk, Attorney General, William E. James, As-
sistant Attorney General, and Herbert Davis, Deputy At-
torney General, for Plaintiff and Appellant.

No appearance for Defendants and Respondents.

GRIFFIN, P. J.—The People appeal from a judgment

refusing to forfeit a vehicle to the State of California, under Health and Safety Code, section 11610, pertaining to the use of a car to unlawfully transport or to facilitate the unlawful transportation of a narcotic by an occupant thereof. In the answer filed by Veronica Maldonado, wife of Louis Maldonado who was the occupant and driver of said car, it is alleged that they were coowners of the car as ''community property'' and she denied any violation of the section. She was not in the car nor driving it at the time.

The parties stipulated to the facts in the trial court and the court found that the vehicle was not used in violation of the section.

Louis Maldonado agreed to sell two cans of marijuana to an undercover operator named Thompson, and on January 5, 1962, Thompson gave Maldonado $35 as the purchase price of the marijuana. Maldonado agreed to make the sale and arrangement was made between Maldonado and Thompson to meet at a designated place in the City of Ontario at a later time that evening. Maldonado drove his automobile to a place about six blocks from his home, parked, got into Thompson's car and directed him to proceed to a place about three miles from there where marijuana had been ''stashed'' by Maldonado. Maldonado got out of Thompson's car, went to the stashed marijuana, picked it up, returned to Thompson's automobile and delivered the marijuana to Thompson. Maldonado got back into Thompson's car, returned to the original point where he had parked his car, the Chevrolet here involved, drove off in his car and was subsequently apprehended by the police. It was stipulated that at no time was the defendant automobile used for the purpose of transporting narcotics, nor was any narcotic found in the defendant automobile.

The question involved is whether or not the defendant vehicle was unlawfully used to *facilitate* the unlawful transportation of a narcotic, or the unlawful keeping, depositing or concealment of any narcotic, or the unlawful possession of any narcotic by an occupant thereof contrary to the provisions of Health and Safety Code, section 11610.

We have received no aid from respondent on the question, because respondent has failed to file a brief in reply. Appellant relies primarily on *People* v. *One 1952 Mercury 2-Door Sedan*, 176 Cal.App.2d 220 [1 Cal.Rptr. 245]. There, an automobile owner used his vehicle to facilitate the unlawful possession of heroin, within the purview of the 1955 amendment of Health and Safety Code, section 11610, so as to au-

thorize its forfeiture, where he used the car as a means of getting to a certain residence to obtain heroin, where he obtained the heroin, and when he was returning to the car with it. Since his intention was to use the automobile to transport the heroin, it was held that the use of the car by him was in aid of the transaction. It made purchase of the heroin less difficult, lessened his labor in completing his purpose, and facilitated execution of the task of obtaining it, and therefore "facilitated" the purchase and possession of the heroin. It held that the fact that Health and Safety Code, section 11610, authorizing forfeiture of a vehicle used in unlawful transportation, keeping, depositing, concealing or possession of a narcotic was amended in 1955 to insert the references to facilitation, demonstrates an intent on the part of the Legislature to broaden the preexisting law and that it must be presumed that it was intended to change the statute in all particulars where there is a material change in the amended wording and that the purpose of the statute is to curb the narcotic traffic. It further held that the word "facilitate" means to make easy or less difficult, to free from difficulty or impediment, to lessen the labor of, or to assist or aid.

The proceedings had before the subcommittee on Narcotics pertaining to the legislative history of the section and the purpose of the amendment is related.

It should be here noted that the car there was driven to a certain place for the purpose of obtaining heroin, in aid of the transaction, and the occupant was returning to the car with it, with the "intention" to use the car to transport the heroin. Here, we have no evidence that Maldonado *intended* to use the car in aid of any transportation of the narcotic. The intent is and should be one of the determining factors in this respect. We here have, in effect, a finding of the trial court that Maldonado had no such intent when he drove his car only 6 blocks from his home and then rode with the informer nearly 3 miles thereafter to the cache. At least there was sufficient evidence to create an inference which would support the court's finding that the automobile did not facilitate such sale or transportation within the forfeiture statute.

In *United States* v. *One 1951 Oldsmobile Sedan,* 129 F. Supp. 321, where the forfeited car was used to transport buyer and seller to a point where the illegal sale was completed in the automobile itself, the district court held that these facts were sufficient to show that the car facilitated the sale. To the same effect is *United States* v. *One 1950 Buick Sedan,* 231 F.

2d 219. In *People* v. *One 1952 Mercury 2-Door Sedan, supra,* 176 Cal.App.2d 220, the driver of the car drove it to a home, with the *intention* of obtaining possession of a supply of heroin, bought the heroin and came out and returned to the automobile and was arrested. The court held that this evidence was sufficient to show that the car was used to *facilitate* the unlawful possession of heroin, since he used it to aid him in obtaining the supply of heroin. In that case, it was held that it was *obviously* his *intention* to use the automobile to transport the heroin. ▮ The question of *intention* to use the car to *facilitate* the purchase or transportation of a narcotic is usually a factual question. (*Platt* v. *United States,* 163 F.2d 165.) ▮ If the trial court here had found in favor of the plaintiff, a different question might well arise. The finding, in effect, was to the contrary. Accordingly, the judgment should be affirmed.

Judgment affirmed.

Coughlin, J., and Brown (G.), J., concurred.

A petition for a rehearing was denied May 7, 1963, and appellant's petition for a hearing by the Supreme court was denied June 12, 1963.