457 F.2d 931
 UNITED STATES of America, Appellee,
v.
ONE 1967 FORD MUSTANG, 2-DOOR HARDTOP, SERIAL NO.
7R02C149263, California License No. WFJ 079, its tools and
appurtenances, Defendant. Bank of America National Trust and
Savings Association, Claimant-Appellant.
UNITED STATES of America, Appellee,
v.
ONE 1965 FORD COUNTRY SEDAN STATION WAGON, SERIAL NO.
5J74Z107131, License No. MJX 115, its tools and
appurtenances, Defendant. Bank of America National Trust and
Savings Association, Claimant-Appellant.
UNITED STATES of America, Appellee,
v.
ONE 1965 CHEVROLET, 2-DOOR HARDTOP, SERIAL NO.
166375C136893, License No. RIW 262, its tools and
appurtenances, Defendant. Bank of
America National Trust and
Savings Association,
Claimant-Appellant.
 Nos. 25827, 25830 and 26055.
 United States Court of Appeals,
Ninth Circuit.
 March 21, 1972.
 
 Ullar Vitsut (argued), Robert H. Fabian, Harris B. Taylor, Alfred T. Twigg, Los Angeles, Cal., for claimant-appellant.
 Phillip S. Malinsky, Asst. U. S. Atty. (argued), Robert L. Meyer, U. S. Atty., Frederick M. Brosio, Jr., Asst. U. S. Atty. & Chief, Civ. Div., Larry L. Dier, Asst. U. S. Atty., Los Angeles, Cal., for appellee.
 Before CHAMBERS and ELY, Circuit Judges, and BATTIN, District Judge.*
 ELY, Circuit Judge:
 
 
 1
 The subject appeals, involving identical issues, have been consolidated for all purposes. In each instance, the appellant [hereinafter "the Bank"] purchased a motor vehicle security agreement from the selling dealer after conducting a thorough credit investigation of each purchaser. The Bank thus became the legal owner of the vehicles. Thereafter, the vehicles were used to facilitate the transportation of counterfeit Federal Reserve Notes, a violation of 49 U.S.C. Sec. 781, and, because of that use, they were seized by special agents of the United States Secret Service. The Attorney General then denied the Bank's petition for remission of the automobiles because the Bank, prior to purchasing the security agreements, had failed to inquire of either the Bureau of Customs, the Bureau of Narcotics and Dangerous Drugs, or the Los Angeles, California, County Clerk to determine whether the purchasers of the vehicles had any prior record for commercial crimes. The United States instituted complaints in the District Court, praying that the subject vehicles be forfeited as provided in 49 U.S.C. Sec. 782. The District Court entered judgment in each case that the automobile be forfeited, and these appeals followed.
 
 
 2
 The issues concern the nature and effect of forfeiture proceedings under 49 U.S.C. Secs. 781 and 782. The Bank contends that these statutes are penal in nature and thus unconstitutionally vague insofar as they are applied to penalize an innocent lienholder. Alternatively, it argues that the forfeiture proceedings under these statutes amount to an exercise of the power of eminent domain and, as applied, effect the taking of property without due process of law. In addition, the Bank claims that the denial of its petition for remission is reviewable on the ground that the Attorney General failed to exercise any discretion in the matter due to his reliance on an arbitrary checklist.
 
 
 3
 The Bank urges with considerable force that because of changing commercial circumstances, the forfeitures worked an intolerable injustice upon it. The Bank's insurmountable obstacle, however, is the solid wall of authority against its position. The challenge to section 781 is clearly without merit. That provision is not vague. See Platt v. United States, 163 F.2d 165, 166-167 (10th Cir. 1947). Nor does it operate to deprive the lienholder of his property except insofar as it affords the basis for invoking the forfeiture statute, which very specifically provides:
 
 
 4
 "Any vessel, vehicle, or aircraft which has been or is being used in violation of any provision of section 781 of this title, or in, upon, or by means of which any violation of said section has taken or is taking place, shall be seized and forfeited. . . ."
 
 
 5
 49 U.S.C. Sec. 782. The Bank's argument that this provision is penal in nature is undermined by our court's prior holding that a forfeiture proceeding under section 782 "is primarily a proceeding in rem against the automobile." United States v. Andrade, 181 F.2d 42 (9th Cir. 1950). Moreover, even if we were free to accept the Bank's characterization of the statute, the definitive clarity of the statutory language precludes a judgment that the enactment is unconstitutionally vague. See, e. g., United States v. One 1962 Ford Thunderbird, 232 F.Supp. 1019, 1021 (N.D.Ill.1964). In addition, it has been consistently held that these "in rem" proceedings do not constitute a taking of private property for public use under the Fifth Amendment, but rather that they constitute an exercise of the police power. See, e. g., Goldsmith-Grant Co. v. United States, 254 U.S. 505, 41 S.Ct. 189, 65 L.Ed. 376 (1921). But cf. United States v. United States Coin & Currency, 401 U.S. 715, 719-721, 91 S.Ct. 1041, 1043-1044, 28 L.Ed.2d 434, 438-439, (1971) (dicta).[1]
 
 
 6
 We are not convinced that we should undertake to break or hurdle the foregoing wall of authority. Nor, we think, can we override the authority which Congress has delegated to the Attorney General in respect to remission proceedings in cases like these. 19 U.S.C. Sec. 1618; see United States v. Andrade, supra at 46; United States v. One 1962 Ford Thunderbird, supra at 1023. While we are not unsympathetic to the position of innocent lenders such as is the Bank in these cases, only the Congress or the Supreme Court may, at this time, afford the sought protection.
 
 
 7
 Affirmed.
 
 
 
 *
 Honorable James F. Battin, United States District Judge, Billings, Montana, sitting by designation
 
 
 [1]
 The dicta in United States Coin & Currency may portend the demise of the doctrines upon which we must base our decision, but the Court's failure to override Goldsmith-Grant Co. and its progeny discourages our disregarding the authoritative effect of those cases. See United States v. United States Coin & Currency, 401 U.S. 715, 719-721, 91 S.Ct. 1041, 28 L.Ed.2d 434 (1971)