## UNITED STATES v. ONE 1940 PLYMOUTH COUPE AUTOMOBILE.

### No. 153.

District Court, W. D. Arkansas, Fort Smith Division.

Feb. 21, 1942.

Clinton R. Barry, U. S. Dist. Atty., and Thomas C. Pitts, Asst. U. S. Dist. Atty., both of Fort Smith, Ark., for plaintiff.

James B. McDonough and Hardin & Barton, all of Fort Smith, Ark., for claimant.

MILLER, District Judge

On October 17, 1939, Stuart M. McCarty was arrested at or near Bentonville, Arkansas, while in possession of the automobile herein involved, one 1940 Plymouth Coupe, bearing Motor No. P10–3833A. The arrest was made by officers of the Alcohol Tax Unit, Internal Revenue Service of the United States, and at the time the said automobile contained a large quantity of intoxicating liquor, whiskey, gin, etc., which the said McCarty was attempting to transport from the town of Sulphur Springs in the State of Arkansas into the State of Oklahoma and to the vicinity of Durant in said State, contrary to the Liquor Enforcement Act of 1936, 27 U.S.C.A. § 223.

The automobile was seized and forfeited under the provisions of Section 4 of the Liquor Enforcement Act of 1936, 27 U.S.C. A. § 224.

After appraisement and notice of the seizure, bond was executed by McCarty in accordance with Section 3724 of Title 26 U.S.C.A. Int.Rev.Code. Libel proceedings were instituted by the United States Attorney on March 7, 1940.

The McElreath Motor Company of Durant, Oklahoma, has intervened, claiming an interest in the automobile. The intervention does not conform to the statute in that there is a failure to allege compliance with the law by the seller of the automobile, McElreath Motor Company, prior to or at the time it sold the automobile, but at the trial no objection was made to the form of the intervention and the cause has been submitted to the court upon a stipulation. The material facts as reflected by the stipulation and as found by the court are as follows:

For sometime prior to October 10, 1939, E. D. McElreath had charge of the McElreath Motor Company of Durant, Oklahoma; he had in his employ one Leo Ratliff, who had advised him that he had a prospect for the sale of a car, the prospect being William McCarty, who is the same person as Stuart M. McCarty, from whom the automobile was taken by the arresting officers.

The population of Durant, Oklahoma is between ten and fifteen thousand people and the operating territory of the McElreath Motor Company at the time of the sale of the automobile was the County of Bryan, in which Durant is situated. The county contained a population of approximately fifty thousand; the said E. D. McElreath did not personally know McCarty, but after being advised by his employee of the proposed sale, he called the sheriff's office of Bryan County, Oklahoma, on the telephone and inquired whether the prospective purchaser, McCarty, had any record of being a liquor law violator; at the time McElreath had heard some rumors to the effect that McCarty had been charged with some offense in reference to liquor; the sheriff's office advised McElreath that it "had nothing on William McCarty", and suggested that he call the County Attorney's office; McElreath called the County Attorney's office and talked to one Allen McPhearren, Deputy County Attorney, who advised that McCarty had never been convicted of any offense in Bryan County, and the records did not show that McCarty had ever been convicted of any liquor law violation.

Shortly after making these inquiries McElreath was called away from his business to the bedside of his father who was ill and during his absence from the business the employee, Ratliff, sold the automobile to McCarty. Before leaving his business, McElreath had approved of the proposed sale.

The stipulation further reveals that at the time of the sale there were two charges of violations of the liquor laws pending against McCarty. (The stipulation does not disclose where such charges were pending nor whether the said McCarty was charged with violating the laws of the State of Oklahoma or of the United States).

McCarty paid a portion of the purchase price of the automobile and executed a note or conditional sales contract for the balance of $697.50. By the terms of the contract of sale, the purchaser, his agents or assigns were forbidden to engage in any illegal business.

On October 17, 1939, the date of the arrest of McCarty, he was in possession of the automobile and was later convicted in this court of a violation of Section 3 of the Liquor Enforcement Act of 1936, 27 U.S.C.A. § 223.

At the time and prior to the consummation of the sale McCarty represented to McElreath that he was the owner of a chicken ranch and that he raised and sold poultry for a living.

McElreath does not drink liquor and is an upright and law-abiding citizen of Durant, Oklahoma, and this is the first and only time that either he or the McElreath Motor Company has filed any claim in any court for the recovery of any automobile or property sold by them and which has been forfeited because of unlawful conduct on the part of the purchaser.

At the time of the sale of said automobile, October 10, 1939, McCarty had a reputation in Durant, Oklahoma, of being a liquor law violator but had never been convicted of any offense of that nature and the sheriff of Bryan County, Oklahoma, Chief of Police of the City of Durant, Oklahoma, and the resident Investigator of the United States Alcohol Tax Unit knew of such reputation, but such reputation was unknown to the said McElreath.

The question presented is whether under the above facts the court has jurisdiction to remit or mitigate the forfeiture of the automobile.

 By the enactment of Section 204 of the Act of August 27, 1935, 18 U.S.C.A. § 646, the Congress for the first time vested in the courts jurisdiction to remit or mitigate forfeitures. Prior to that enactment relief might be afforded to innocent owners and lienors under the provisions of compromise powers given the Attorney General and the Secretary of the Treasury. Jurisdiction of the court to remit or mitigate a forfeiture is conditioned upon compliance with the requirements of the statute. United States v. One 1939 Model DeSoto Coupe, 10 Cir., 119 F.2d 516, and cases cited in the footnote thereto.

 The statute, 18 U.S.C.A. § 646, is a remedial measure and provides a remedy through the courts for the relief of those situated as is the claimant. The court may mitigate or remit the forfeiture in those cases where the claimant brings himself within the terms of the statute. As a general proposition forfeitures are not favored and should be sustained only when within both the letter and spirit of the law, but this statute must be liberally construed to carry out the objective and in accordance with the intent of the Congress. United States v. One Ford Coach, 307 U.S. 219–226, 59 S.Ct. 861, 83 L.Ed. 1249.

Congress intended in the enactment of the statute to provide for the enforcement of Sec. 2 of the Twenty-First Amendment to the Constitution of the United States, as well as to protect the revenues of the government and promote the public good by suppressing a wrong, and as stated in Federal Motor Finance v. United States, 8 Cir., 88 F.2d 90, 94 should be "fairly and reasonably construed, so as to carry out the intention of the legislature".

In the case of United States v. O'Dea Finance Co., 8 Cir., 111 F.2d 358, 360, the court, after quoting subdivision (3) of paragraph (b), § 204, of the Act of August 27, 1935, 18 U.S.C.A. § 646, said, "The clear meaning of this provision is that it places an absolute requirement of investigation upon the claimant and it defines the minimum investigation necessary for a basis of claim for remission or mitigation".

In this case at the time of the sale of the automobile McCarty had a reputation in Durant, Oklahoma, the place of the sale, of being a liquor law violator, but had not been convicted of any offense of that nature and had no "record" of conviction. The sheriff of the county, Chief of Police of the City of Durant and the resident investigator of the United States Alcohol Tax Unit knew that McCarty had a reputation of being a liquor law violator.

The only inquiry made by McElreath prior to the sale of the automobile to McCarty was made by calling the sheriff's office where he inquired whether McCarty had any record of being a liquor law violator. Then he called the County Attorney's office and was advised that McCarty had never been convicted of any offense in Bryan County, Oklahoma, and that the record did not show any conviction of McCarty of any violation of any liquor law.

It does not appear that McElreath made any inquiry of any one as to whether McCarty had a reputation for violating the laws of the United States or the laws of Oklahoma relating to liquor. Evidently, if he had made such inquiry of "the Sheriff, Chief of Police, principal Federal Internal Revenue Officer engaged in the enforcement of the liquor laws, or other principal local or Federal law enforcement officer of the locality" of Durant, he would have been advised by such persons that McCarty had such record or reputation.

In the case of Universal Credit Co. v. United States, 4 Cir., 111 F.2d 764, 766, the court said: "The sheriff and the chief of

police answered that the purchaser had no record, but they said nothing about his reputation. The replies received would have been sufficient to confer jurisdiction upon the court had they also stated that the purchaser had no such reputation; but in the absence of the receipt by the claimant of favorable information on this point, the court was without power to grant the claimant's petition. As we pointed out in United States v. One Hudson Coupe, 110 F.2d 300, 302, both record and reputation are necessarily subjects of inquiry and information, and, 'it should by now be an elementary proposition that subsection (d) of this statute grants to the trial court discretion to refuse or grant remission or mitigation only when the statutory conditions have been fulfilled'. See also, United States v. One Ford Coach, 307 U.S. 219, 59 S.Ct. 861, 83 L.Ed. 1249; United States v. One 1936 Model Ford, 4 Cir., 93 F.2d 771; United States v. Automobile Financing, Inc., 5 Cir., 99 F.2d 498; C.I.T. Corp. v. United States, 4 Cir., 86 F.2d 311; United States v. C.I.T. Corp., 2 Cir., 93 F.2d 469; United States v. National Discount Corp., 7 Cir., 104 F.2d 611 [124 A.L. R. 283]."

■ The claimant, McElreath, acted in good faith, but the power of the court to remit or mitigate a forfeiture does not depend upon the claimant's good faith. The specific inquiries required by the statute must be made and specific information must be received by the claimant as to both record and reputation before acquiring the interest in the automobile, or as in this instance, before making the sale and entering into the conditional sales contract with the purchaser.

In the same case the court further said, 111 F.2d page 766: "It is easy to understand why this should be so, for it is common knowledge that violators of the liquor law are frequently well known by reputation, especially to the enforcement officers, long before proof sufficient to bring about conviction and imposition of sentence is available. We do not question the claimant's good faith or its willingness to cooperate with the officers of the law, but we have no power to relax the express provisions of the statute."

■ It is necessary for the protection of business men who act in good faith that the courts establish a simple, plain and practical rule to govern such transactions as is disclosed by the facts in this case. This can be done by construing the statute in accordance with the evident intent of the Congress which requires the prospective purchaser of commercial paper, or seller of automobiles where such seller intends to retain a lien or title in said automobile, to make inquiry of one of the officers enumerated in the statute in the designated locality and to secure from such officer an answer that the purchaser of the automobile has no record or reputation for violating the liquor laws of the United States or any State.

■ The Supreme Court of the United States, speaking through Mr. Justice McReynolds, in the case of United States v. One Ford Coach et al. 307 U.S. 219–234, 59 S.Ct. 861, 868, 83 L.Ed. 1249, announced the rule as follows: "The court shall not allow the (request)—claim—of any claimant for remission or mitigation, if it appears that the interest asserted by (him)—the claimant—arises out of or is in any way subject to any contract or agreement under which any person having a record or reputation for violating laws of the United States or of any State relating to liquor has a right with respect to such vehicle or aircraft, unless and until he (the claimant) proves that before (he)—such claimant—acquired his interest, or such other person acquired his right under such contract or agreement, whichever occurred later, (he) —the claimant—his officer or agent, was informed in answer to his inquiry, at (certain headquarters specified in the alternative) as to the character or financial standing of such other person, that such other person had no such record or reputation."

■ Here the seller of the automobile made no such inquiry and the forfeiture is sustained and the intervention of E. D. McElreath, doing business as McElreath Motor Company of Durant, Oklahoma, is dismissed.