## UNITED STATES v. ONE 1951 CADILLAC SEDAN et al.

Civ. A. No. 5504.

United States District Court
W. D. Oklahoma.

Sept. 27, 1952.

492

B. Andrew Potter, Asst. U. S. Atty., Oklahoma City, Okl., for plaintiff.

Bohanon & Adams, Oklahoma City, Okl., and Lawton Burton, Lawton, Okl., for interveners.

WALLACE, District Judge.

The United States of America, libelant, filed in the District Court of the United States for the Western District of Oklahoma, on July 16, 1952, a libel of information against the Cadillac, numbered above, alleging among other things that on the 25th day of April, 1952, this automobile, while being driven by its owner, Lee Roy Walker, was used unlawfully in transporting whiskey and gin, namely, 48 Fifths of Old Sunnybrook Bourbon, 96½ pints of Old Sunnybrook Bourbon, 24 Fifths of Seagrams 7 Crown, 12 Fifths of Bellows Bourbon, 12 Fifths of Old Log Cabin Bourbon and 12 Fifths of Gilbeys Dry Gin, and that this automobile was used to transport said taxpaid intoxicating liquor into the State of Oklahoma, said liquor not being accompanied by any permit or license as required by law.[1]

Subsequent to the seizure of the automobile, the Central Motor Company, Inc. and the City National Bank, both of Lawton, Oklahoma, were permitted to intervene and to file an answer to the libel of information.

On the cause being heard before the Court, without a jury, the following facts appeared:

On January 21, 1952, the intervener, Central Motor Company, sold the defendant Cadillac to one L. R. Walker, and took a note and chattel mortgage in the princi-pal amount of $2,636 as collateral for the payment of the balance of the purchase price. At the time of this sale, Eddie Gaskin, President of Central Motor Company, telephoned M. F. McCracken, Deputy Sheriff of Comanche County, Lawton, Oklahoma, and asked him if there had been any recent complaints on Walker in whiskey dealing. McCracken replied there had been no complaints. This same day, the Central Motor Company assigned said note and mortgage to the intervener, City National Bank of Lawton, Oklahoma, on which there is a delinquent unpaid balance of some $2,280.

▮ The first contention of the interveners is that the automobile in question was taken into custody, and is now being held, under and by virtue of an unlawful search and seizure in violation of the constitutional rights of these interveners, and in violation of the Fourth Amendment to the Constitution of the United States of America.

It is well settled that the guaranty of the Fourth Amendment to the Constitution is a *personal* right or privilege, to be claimed by the party subject to the alleged unreasonable search. Simmons v. United States, 8 Cir., 18 F.2d 85. The constitutional rights of the interveners were not invaded and the interveners have no standing to raise it. Van Dam v. United States, 6 Cir., 23 F.2d 235; Cantrell v. United States, 5 Cir., 15 F.2d 953; Graham v. United States, 8 Cir., 15 F.2d 740; United States v. One Buick Automobile, D.C., 21 F.2d 789.

The interveners further contend they are entitled to remission or mitigation of forfeiture under 18 U.S.C.A. § 3617(b) (1–3).

The undisputed evidence is that Gaskin, President of Central Motor Company, telephoned McCracken, Deputy Sheriff, Comanche County, Lawton, Oklahoma, and asked him, "Have there been any recent complaints on Walker?" When McCracken answered this negatively the conversation ended. Gaskin testified that to his own knowledge Walker had a reputation

1. 18 U.S.C.A. § 1262. See also, 18 U.S.C.A. § 3615.

for illegally dealing in liquor some six years previously. For this reason he made the telephone call to the deputy sheriff prior to the completion of the sale of the automobile and the execution of the note and chattel mortgage.

The wording of 18 U.S.C.A. § 3617(b) (3) is:

"If it appears that the interest asserted by the claimant arises out of or is in any way subject to any contract or agreement under which any person having a record or reputation for violating laws of the United States or of any State relating to liquor has a right with respect to such vehicle \* \* \* that, before such claimant acquired his interest, or such other person acquired his right under such contract or agreement, whichever occurred later, the claimant, his officer or agent, was informed in answer to his inquiry, at the headquarters of the sheriff, chief of police, principal Federal internal-revenue officer engaged in the enforcement of the liquor laws \* \* \* *that such other person had no such record or reputation.*" (Emphasis supplied.)

 It is the opinion of this court that it has no power to grant the petition for remission or mitigation of forfeiture in the case at bar as the express conditions precedent were not met by either intervener. The inquiry must specifically include *record* as well as *reputation* and the

response to this inquiry must be in the negative as to both record and reputation. In Universal Credit Co. v. United States, the Circuit Court of Appeals said:

"The plaintiff contends that it acted with due diligence and perfect good faith, since it had no information as to the bad record or reputation of the purchaser, and made all of the inquiries required by the Act, and received only favorable replies as to the purchaser's record. It insists that it had the right to assume that the purchaser not only had no record, but no reputation for violating the liquor laws, for otherwise the responsible officers of the law would have divulged it. But the power of the court to remit a forfeiture does not depend solely upon the claimant's good faith. In addition, in order to confer jurisdiction upon the court, specific inquiries must be made and specific information must be received by the claimant as to both record and reputation, before he acquires his interest in the vehicle. In this procedure reputation and record are on the same footing. It is easy to understand why this should be so, for it is common knowledge that violators of the liquor law are frequently well known by reputation, especially to the enforcement officers, long before proof sufficient to bring about conviction and imposition of sentence is available. We do not question the claimant's good faith or its willing-

2. Universal Credit Co. v. United States of America, 4 Cir., 1940, 111 F.2d 764, 766. In United States v. One 1939 Model De Soto Coupe, Motor No. S6–27,687, 10 Cir., 1941, 119 F.2d 516, at page 518 Judge Murrah said: "The purpose of this legislation was remedial and enacted for the benefit of those positioned like the claimant here. Upon its enactment, for the first time the power of remission or mitigation was vested in the courts, but jurisdiction to remit or mitigate was clearly conditioned upon compliance with the requirements of the statute. "In United States v. One Hudson Coupe, 4 Cir., 110 F.2d 300, 302, it is stated '\* \* \* it should by now be an elementary proposition that subsection (d) of this statute grants to the trial

court discretion to refuse or grant remission or mitigation only when the statutory conditions have been fulfilled.'"

In United States v. One 1940 Plymouth Coupe Automobile, D.C.Ark.1942, 43 F. Supp. 370, 374, it is said: "The claimant, McElreath, acted in good faith, but the power of the court to remit or mitigate a forfeiture does not depend upon the claimant's good faith. The specific inquiries required by the statute must be made and specific information must be received by the claimant as to both record and reputation before acquiring the interest in the automobile, or as in this instance, before making the sale and entering into the conditional sales contract with the purchaser."

ness to cooperate with the officers of the law, but we have no power to relax the express provisions of the statute, and the judgment of the District Court must therefore be affirmed."

Obviously, the claimant in the Universal Credit Co. case was in a much more favorable position than the claimants in the case at bar. Here, Gaskin, the representative of the claimants, knew to his own personal knowledge, at the time he made the telephone call, that the purchaser of the car had in years gone by a record as well as reputation for violating the liquor laws. It was incumbent upon him to be certain that *at the time* of the transaction the purchaser of the automobile had neither record nor reputation in this regard. It is beyond dispute why Congress has permitted remission or mitigation under a certain set of conditions. It is to protect those who after having acted in good faith would unjustly suffer loss.

From all the evidence, it is the opinion of this court that the interveners have neither complied with the letter of the law, thus giving the court *power* to permit remission or mitigation, nor have they in good faith complied with the spirit of the law.

Judgment should be for the plaintiff.

Counsel are directed to submit a journal entry in conformity with this opinion within ten days from this date.