CITY NAT. BANK, LAWTON, OKL., et al.
v.
UNITED STATES et al.
No. 4624.

United States Court of Appeals
Tenth Circuit.
Oct. 29, 1953.

---

Lynn Adams, Oklahoma City, Okl. (Luther Bohanon, Oklahoma City, Okl., Lawton Burton, Lawton, Okl., of counsel), for appellants.

B. Andrew Potter, Blackwell, Okl. (Robert E. Shelton, Oklahoma City, Okl., on the briefs), for appellees.

Before PHILLIPS, Chief Judge, and MURRAH and PICKETT, Circuit Judges.

PICKETT, Circuit Judge.

The United States instituted this proceeding for the forfeiture of a 1951

Cadillac Sedan and 26 gallons of whiskey for violation of 18 U.S.C.A. § 1262.[1] Central Motor Co., Inc., and the City National Bank of Lawton, Oklahoma intervened and asserted a lien on the automobile for the balance due on the purchase price. The Bank had purchased the lien from the Motor Company with recourse. They sought a remission or mitigation of the forfeiture under 18 U.S.C.A., § 3617(b) (3).[2] After trial without a jury, the district court denied the claim for remission or mitigation and ordered the automobile forfeited under the provisions of 18 U.S.C.A. § 3615. 107 F.Supp. 491. The claimants appeal from that order.

It is admitted that the lien against the automobile was acquired on the 21st day of January, 1952 through a note and mortgage given by Lee Roy Walker to secure the balance due on the purchase price. The parties stipulated that the automobile was seized in Oklahoma from the possession of Walker while he was transporting 11 cases of whiskey from Electra, Texas to Lawton, Oklahoma in violation of 18 U.S.C.A. § 1262. It was also stipulated that Walker had a record for liquor law violations extending from January 31, 1935 to July 1, 1944. The evidence is without conflict that the law enforcement officers believed that Walker discontinued his activities in the liquor business after July 1, 1944, and that he did not have a reputation for liquor law violation when the purchase was made. The President of the Motor Company knew that Walker had previously been in the liquor business and that he had a record for violation of the liquor laws. Prior to the sale of the automobile, the President called the deputy sheriff of the county where the parties resided and inquired of him if there had been "any recent complaints of Mr. Walker being in the whiskey business." The deputy advised that he knew of no such complaints during the 44 months that he had been in the sheriff's office. The deputy testified that Walker did have a record and a past reputation as a liquor law violator and that he would have so advised the President of the Motor Company if inquiry had been made. The sheriff of the county and the chief of police of Lawton, Oklahoma testified to the same effect.

The appellants' position on this appeal is that "record and reputation" of the purchaser of an automobile for liquor law violations as contemplated by the statute, must be of such a character as to indicate that the purchaser is likely to violate the liquor laws again. They contend that, "If the record and reputation is so remote at the time of the sale of the automobile, and all the interven-

1. This section prohibits the transporting of intoxicating liquor into any state in which all sales of intoxicating liquor, except for sacramental and medicinal purposes, are prohibited.

2. This section provides:
"In any such proceeding the court shall not allow the claim of any claimant for remission or mitigation unless and until he proves (1) that he has an interest in such vehicle or aircraft, as owner or otherwise, which he acquired in good faith, (2) that he had at no time any knowledge or reason to believe that it was being or would be used in the violation of laws of the United States or of any State relating to liquor, and (3) if it appears that the interest asserted by the claimant arises out of or is in any way subject to any contract or agreement under which any person having a record or reputation for violating laws of the United States or of any State relating to liquor has a right with respect to such vehicle or aircraft, that, before such claimant acquired his interest, or such other person acquired his right under such contract or agreement, whichever occurred later, the claimant, his officer or agent, was informed in answer to his inquiry, at the headquarters of the sheriff, chief of police, principal Federal internal-revenue officer engaged in the enforcement of the liquor laws, or other principal local or Federal law-enforcement officer of the locality in which such other person acquired his right under such contract or agreement, of the locality in which such other person then resided, and of each locality in which the claimant has made any other inquiry as to the character or financial standing of such other person, that such other person had no such record or reputation."

ing circumstances in the defendant's life repel against the possibility of his resuming law violation, then remission of forfeiture should be granted." We think this contention is untenable.

■■ The statute authorizes remission or mitigation to a claimant only when it is shown that at the time the interest was acquired, the one conveying the interest had neither a reputation nor record for liquor law violations. If an individual about to acquire an interest in an automobile makes inquiry of one of the officers named in the statute as to the record and reputation relating to violation of liquor laws by the person from whom the interest is being acquired, and receives an answer that that person has a record or reputation for such violations, then the court is without power or discretion to remit or mitigate the forfeiture. United States v. One 1950 Lincoln Sedan, 5 Cir., 196 F.2d 639; United States v. One 1939 Model DeSoto Coupe, 10 Cir., 119 F.2d 516; United States v. One 1937 LaSalle Sedan, 10 Cir., 116 F.2d 356; Universal Credit Co. v. United States, 4 Cir., 111 F.2d 764. The forfeiture may be remitted or mitigated in cases where the statutory inquiry was not made only when the proof shows that the interest was acquired from one who had no reputation or record. United States v. One 1949 Chevrolet Coach, 10 Cir., 200 F.2d 120; Aetna Finance Co. v. United States, 10 Cir., 191 F.2d 63; Interstate Securities Co. v. United States, 10 Cir., 151 F.2d 224.

■■ Although it was not for recent violations, Walker did have a record for violating the laws relating to liquor, and the President of the Motor Company would have been so advised if the statutory inquiry had been made. The plain and unambiguous terms of the statute do not require that the record be for current violations to prevent remission or mitigation of forfeiture; they say any record, and courts under the guise of interpretation may not nullify or vary the plain terms of a legislative enactment. Southern Steamship Co. v. N. L. R. B., 316 U.S. 31, 62 S.Ct. 886, 86 L.Ed. 1246; Helvering v. Hammel, 311 U.S. 504, 61 S.Ct. 368, 85 L.Ed. 303; Nicholas v. Denver & R. G. W. R. Co., 10 Cir., 195 F.2d 428; Town of Clayton v. Colorado & S. Ry. Co., 10 Cir., 51 F.2d 977, 82 A.L.R. 417; Darby-Lynde Co. v. Alexander, 10 Cir., 51 F.2d 56, certiorari denied 284 U.S. 666, 52 S.Ct. 40, 76 L.Ed. 564.

■ The appellants are concerned because they say that if an old record will prevent remission or mitigation of a forfeiture, then it will plague a former violator of liquor laws for the rest of his life and prevent him from purchasing an automobile and executing a valid lien thereon. There is nothing in the law to prevent the former violator from purchasing an automobile and executing a valid lien thereon. If he thereafter continues to be a law-abiding citizen there can be no forfeiture, and the lienholder may enforce his lien. The statute merely requires those taking liens from former liquor law violators to assume the risk if they revert to their former unlawful activities.

Judgment affirmed.