**UNITED STATES of America,**
**Libelant,**

v.

**ONE 1955 CADILLAC ELDORADO CONVERTIBLE, Motor No. 5562–46423, Velva L. Robinson, Respondent.**

**Civ. No. 1391–D.**

United States District Court
E. D. Illinois.

March 1, 1957.

---

Charles R. Young, Asst. U. S. Atty., Danville, Ill., Jack Morris, Asst. U. S. Atty., East St. Louis, Ill., for libelant.

Moore, Ming & Leighton, Chicago, Ill., for claimant-intervenor.

PLATT, Chief Judge.

United States of America filed this libel against one 1955 Cadillac Eldorado automobile which was seized June 14, 1956 under a warrant of seizure and monition duly issued for the reason that the vehicle had been used to transport or conceal untaxed heroin, a contraband narcotic drug. 49 U.S.C.A. § 781 et seq.

At the trial before the court, jury trial having been waived, Ray M. Foreman was substituted as intervening claimant for Velva L. Robinson, who had filed answer and intervened as the owner of the Cadillac.

The court finds that the automobile was originally owned by Howard Robinson. On May 14, 1956, he executed a bill of sale to Velva L. Robinson, his mother, to whom an Illinois Certificate of Title was issued on May 26, 1956. In June, both Robinson and his mother executed bills of sale to Ray M. Foreman for his attorney fee to represent Howard Robinson on a state narcotics charge at a preliminary hearing and for investigating the case.

During the fall of 1955 and the early part of 1956, William C. Hendrickson, Sheriff of Vermilion County, Illinois, was investigating the sale of narcotics in Danville. He was informed that Robinson, who was in the Air Force, stationed at Bunker Hill, near Peru, Indiana, was transporting and selling narcotics in Danville. Hendrickson had seen Robinson driving the Cadillac but did not see it for some time following March 1956, although he did see Robinson driving another automobile. He was informed in May, 1956, by a Danville Police Officer that the Cadillac was in a garage in Danville, having been placed there for repair by Robinson following a mishap in early April, 1956.

On May 17, 1956, Hendrickson went to the State's Attorney's office to obtain a search warrant to search the Cadillac. The State's Attorney's office prepared an affidavit and search warrant which he took to two Justices of the Peace who signed the search warrant but made no record of it. The affidavit and search warrant were later lost. Hendrickson then proceeded to the garage with two of his deputies. They were accompanied by Landreth and Wilkins of the Office of Special Information of the Air Force at Chanute Air Base, which is some 40 miles from Danville. Hendrickson made an appointment with the manager of the garage. When he arrived at the garage

he told the manager he had the search warrant. He was told the warrant was unnecessary and was admitted. The five officers proceeded to the paint shop of the garage where the O.S.I. officers stood some 15 to 20 feet from the Cadillac while the Sheriff and his deputies searched it. Hendrickson requested a key to the glove compartment from the manager and it was given to him. In the glove compartment was found an envelope, not bearing a tax stamp, containing 10 capsules of heroin, which was contraband. 49 U.S.C.A. § 781(b) (1).

Howard Robinson admitted the ownership of the envelope but denied the ownership and knowledge of the narcotics. He said he had been to the garage on two occasions to obtain papers from the glove compartment but had not removed the envelope nor found narcotics.

Foreman, the intervenor, now contends that the search warrant was invalid and that since the search was made in cooperation with federal officers any evidence secured in the search of the Cadillac was in violation of the Fourth Amendment to the Constitution of the United States and should be excluded. It is unnecessary for this decision to determine whether the search warrant was invalid or whether the O.S.I. officers had such authority as to make the search in their presence illegal as a joint action of federal and state officers.

■ The Fourth Amendment which prohibits unreasonable search and seizure is not available to Foreman in objection to the admissibility of this evidence. The privilege of the Fourth Amendment is personal and can only be claimed by the person whose rights have been invaded. Jeffers v. United States, 88 U.S.App.D.C. 58, 187 F.2d 498, affirmed 342 U.S. 48, 72 S.Ct. 93, 96 L.Ed. 59; Goldstein v. United States, 316 U.S. 114, 62 S.Ct. 1000, 86 L.Ed. 1312; Lovette v. United States, 5 Cir., 230 F.2d 263; United States v. Eversole, 7 Cir., 209 F.2d 766; Grainger v. United States, 4 Cir., 158 F.2d 236. At the time the alleged illegal search was conducted Foreman had neither the possession, the right to possession, or the ownership of the Cadillac. He was not the defendant in the action. A libel is an action in rem against the automobile. Dobbins' Distillery v. United States, 96 U.S. 395, 24 L.Ed. 637. In an action in rem the same rule has been held applicable and the claimant who has no interest in the property searched or in the contraband has no legal objection to the evidence obtained by an unreasonable search and seizure. United States v. One 1951 Cadillac Sedan, D.C.Okl., 107 F.Supp. 491, affirmed sub nom. City National Bank, Lawton, Okl. v. United States, 10 Cir., 207 F.2d 741, and United States v. One Buick Automobile, D.C.Vt., 21 F.2d 789.

■ Furthermore, the weight of authority is that an illegal search and seizure will not vitiate the seizure in a libel. United States v. Eight Boxes, etc., 2 Cir., 105 F.2d 896; United States v. Pacific Finance Corp., 2 Cir., 110 F.2d 732; Strong v. United States, 1 Cir., 46 F.2d 257, 79 A.L.R. 150, appeal dismissed per stipulation, 284 U.S. 691, 52 S.Ct. 27, 76 L.Ed. 583; Bourke v. United States, 6 Cir., 44 F.2d 371, certiorari denied 282 U.S. 897, 51 S.Ct. 182, 75 L.Ed. 790. Contra: United States v. Plymouth Coupe, 3 Cir., 182 F.2d 180; United States v. 5 Gambling Devices, D.C.Ga., 119 F.Supp. 641.

■ Since the evidence obtained by the alleged illegal search and seizure is admissible the government has established probable cause and the burden of proof shifts to the claimant Foreman to exculpate the vehicle. 19 U.S.C.A. § 1615. Forman has failed to sustain this burden. A decree of forfeiture will be entered.

This opinion may be considered as findings of fact and conclusions of law. An order of forfeiture in accordance herewith may be submitted.