UNITED STATES of America, Libellant,

v.

ONE 1955 MODEL DE SOTO 4–DOOR FIREFLITE SEDAN, Motor Number 50342545.

Civ. No. 637.

United States District Court E. D. North Carolina, Wilson Division.

Dec. 1, 1957.

Julian T. Gaskill, U. S. Atty., Raleigh, N. C., for libellant.

James L. Newsom, Reade, Fuller, Newsom & Graham, Durham, N. C., for respondent.

GILLIAM, District Judge.

This cause came to be heard on the Government's Libel and the Petition for Mitigation filed by the Citizens National Bank of Durham, North Carolina. No answer was filed in behalf of the libelled automobile and the uncontradicted evidence shows that said automobile was in violation of the Internal Revenue Laws of the United States and, therefore, should be condemned and forfeited for the reasons set out in the Libel.

On September 25, 1956, the Bank acquired in good faith an interest in the libelled automobile by virtue of a contract and chattel mortgage, and it had at no time any knowledge or reason to believe that such automobile was being or would be used in the violation of laws of the United States or of any state relating to liquor. The Bank, before acquiring its interest in the automobile, failed to make any inquiry with respect to the record or reputation of the owner of such automobile. The net amount of the Bank's claim is $1133.60.

■ Under the statute and decisions it was not incumbent upon the Bank in order to protect itself to make the inquiry set out in Title 18, Sec. 3617(b) unless the owner and grantor in the chattel mortgage actually had a reputation for violating the laws of the United States or of any state relating to liquor at the time the chattel mortgage was executed. United States v. McArthur, 5 Cir., 117 F.2d 343, and other cases. So that, we are concerned with whether the owner of the DeSoto on September 25, 1956, the date when petitioner's interest was acquired, had a reputation for violating the liquor laws of the United States or the state. It is conceded that he had no criminal record of this nature.

■ The evidence tends to establish and the Court finds as a fact that Bradley Barbee Lane, the owner from whom petitioner acquired its interest, did have a reputation for violating the laws relating to liquor among enforcement officers in Edgecombe County, North Carolina, during the latter part of 1954, but there is no evidence that such reputation continued to or was existent on September 25, 1956, the critical date. The evidence establishes that Lane left Edgecombe County near the end of 1954 and moved to Durham, North Carolina, where he entered business, and that officers in Edgecombe County knew nothing of his reputation thereafter. No Durham officer or other person was offered to say that this party ever had a reputation for violating the liquor laws after he became a citizen of Durham, but two Durham County enforcement officers testified that they had no knowledge of such a reputation.

■ The Government insists that the fact of his reputation at the end of 1954 is sufficient to have placed the burden of inquiring upon the petitioner and not having done so the petitioner took the risk and should not prevail. I believe such rule harsh and unreasonable, as it assumes that a reputation once acquired is presumed to continue. In this instance the party in question had moved to another territory and had established himself in business; he had lived in his new environment almost two years without becoming known to a single person as a violator of the liquor laws. If the officers in Edgecombe and Durham Counties had been asked on September 25, 1956 whether on that date he had a reputation

of such nature, they would have been forced to give a negative answer. I find that on that date he did not have such reputation and that, therefore, the petitioner is entitled to mitigation to the extent of its claim.

A judgment accordingly is entered simultaneously herewith.