UNITED STATES of America,
Libelant,

v.

ONE 1963 PONTIAC BONNEVILLE
SPORT COUPE, Serial Number
863W3040.

No. C–154–G–63.

United States District Court
M. D. North Carolina,
Greensboro Division.

Jan. 15, 1964.

William H. Murdock, U. S. Atty., R. Bruce White and Henry E. Frye, Asst. U. S. Attys., for the Government.

Beverly C. Moore and James R. Turner, Greensboro, N. C., for intervener.

EDWIN M. STANLEY, Chief Judge.

This is a libel for forfeiture of an automobile by reason of an alleged violation of the Internal Revenue laws of the United States relating to distilled spirits. The North Carolina National Bank has intervened, claiming an interest in the automobile by virtue of a lien there-

on. The registered owner, William Worth Eaves, has not answered.

At the time of the trial, the parties stipulated that on July 3, 1963, the 1963 Model Pontiac Bonneville Sport Coupe automobile described in the libel of information was forfeited to the United States by reason of its use by the registered owner, William Worth Eaves, in the transportation, deposit and concealment of three gallons of distilled spirits upon which the tax imposed by law had not been paid. It was further stipulated that the only issue for determination was whether the claimant was entitled to a remission or mitigation of the forfeiture to the extent of its lien.

The claimant seeks remission or mitigation of the forfeiture to the extent of its interest in accordance with 18 U.S.C.A. § 3617. That section provides that the district court shall not allow the mitigation unless the claimant (1) acquired its interest in good faith, (2) had no reason to believe that the automobile would be used in violation of the liquor laws, and (3) before acquiring its interest, was informed, in answer to inquiry at the headquarters of one of the designated law enforcement agencies, that the purchaser had no record or reputation for violating laws of the United States or of any state relating to liquor. Such inquiry is required to be made in either the locality where the right under the contract is acquired, or the locality in which the purchaser of the vehicle then resided.

The Pontiac automobile in question was purchased by William Worth Eaves on May 11, 1963, from King-Zane Motors, Inc., a Pontiac dealer in Guilford County, North Carolina. The purchaser executed a conditional sales contract to the seller, dated May 11, 1963, to secure the unpaid balance of the purchase price of $4,685.-68. On the same date, the conditional sales contract was duly assigned to the North Carolina National Bank. It is not disputed that the claimant acquired the said conditional sales contract in good faith, and that at the time such interest was acquired it had no knowledge or reason to believe that the automobile was being used or would be used in violation of the laws of the United States or of any state relating to liquor. It follows that the claimant satisfied the first two requirements of the statute. The crucial question is whether the claimant, before acquiring its interest, sufficiently complied with 18 U.S.C.A. § 3617(b) (3) in making the bootleg hazard investigation so as to entitle it to a remission or mitigation of the forfeiture.

Before acquiring its interest, an employee of the claimant made an inquiry of the Greensboro Police Department and of the Greensboro Alcoholic Beverage Control Board, both law enforcement agencies in Guilford County, North Carolina, with respect to the record of William Worth Eaves for violating the liquor laws, but made no inquiry concerning his reputation. The employee was informed by the Greensboro Alcoholic Beverage Control Board that Eaves had no record of any criminal convictions, and was informed by the Greensboro Police Department that his criminal record consisted of a conviction for a traffic violation and two capiases from Chatham County, North Carolina. The records in the Greensboro Police Department did not show for what offenses the capiases from Chatham County had been issued. No further inquiry was made. Since the latter part of 1960, Eaves had been a resident of Guilford County, and the claimant acquired its interest in Guilford County.

The evidence tends to establish and the court finds as a fact that Eaves had a bad reputation with law enforcement officers in Chatham County, North Carolina, for violating the Internal Revenue laws relating to liquor for a considerable period of time before moving his residence from Chatham County to Guilford County in 1960. He had no liquor record at any place prior to the time the claimant acquired its interest, and so far as the record discloses, no law enforcement officer had heard anything concerning his reputation after he left Chatham County in 1960.

■■ There can be no question but that the claimant failed to comply with the statute. It was required to make an inquiry concerning record and reputation, but confined its inquiry to record alone. In the absence of an inquiry as to reputation as well as record, and a favorable reply, this court is "without power to grant the claimant's petition." Universal Credit Co. v. United States, 4 Cir., 111 F.2d 764 (1940). The power of the court to remit a forfeiture does not depend solely on the good faith of the claimant. It has the additional requirement of making a specific inquiry, and receiving specific information, as to both record and reputation. Record and reputation are on the same footing. Universal Credit Co. v. United States, Supra. The failure of the claimant to make the necessary inquiry concerning reputation must cause the failure of its claim for, in fact, a reputation did exist. United States v. One Hudson Coupe, 1938 Model, Etc., 4 Cir., 110 F.2d 300 (1940).

■■ The claimant insists that any record or reputation must have existed at the time it acquired its lien, and the fact that the owner had such a reputation in another county in 1960 and earlier years is no evidence that such reputation continued after he moved to Guilford County. The Government, on the other hand, contends that since the claimant failed to make the investigation required by the statute, the claim of the petitioner must fail upon a showing of a prior liquor reputation at any time. Unfortunately, there appears to be little litigation on this precise point. Clearly, if the statutory inquiry is not made, a record need not be for recent violations, City National Bank, Lawton, Okl. v. United States, 10 Cir., 207 F.2d 741 (1953), and the Government is entitled to prevail if it can show that a liquor record actually existed, even in another state. United States v. One 1955 Model Buick 4-Door Sedan Auto., 4 Cir., 241 F.2d 90 (1957). The only case that has been found which is directly in point is United States v. One 1955 Model De Soto, 157 F.Supp. 144 (E.D.N.C., 1957). In that case, on almost identical facts, Judge Gilliam, upon a finding that no reputation existed at the time the claimant acquired its interest, even though a reputation had existed some two years earlier in another county, held that the claimant was entitled to mitigation. The court was of the opinion that any other ruling would be "harsh and unreasonable, as it assumes that a reputation once acquired is presumed to continue." With all due deference to the reasoning of the court in United States v. One 1955 Model De Soto, this court cannot agree. If a reputation once acquired does not continue, when does it cease to exist? The only logical answer is that reputation, like record, once acquired, continues to exist for an indefinite period. The statute does not require reputation to be of recent origin to prevent remission or mitigation of forfeiture. It refers to "any person having a * * * reputation," and courts under the guise of interpretation may not nullify the plain terms of a legislative enactment. Southern Steamship Co. v. N. L. R. B., 316 U.S. 31, 62 S.Ct. 886, 86 L.Ed. 1246.

■ It can safely be assumed that if the claimant had made inquiry of law enforcement officers in Chatham County, it would have been advised of the bad reputation of the defendant for violating the liquor laws. With this information, its lien certainly would have been acquired subject to the bootleg hazard. Since no inquiry was made at any place as to reputation, claimant is bound by information it would have received if inquiry had been made in Chatham County.

What is said in City Nat. Bank, Lawton, Okl. v. United States, 10 Cir., 207 F.2d 741, 744, is pertinent here:

"The appellants are concerned because they say that if an old record will prevent remission or mitigation of a forfeiture, then it will plague a former violator of liquor laws for the rest of his life and prevent him from purchasing an automobile and executing a valid lien thereon.

There is nothing in the law to prevent the former violator from purchasing an automobile and executing a valid lien thereon. If he thereafter continues to be a law-abiding citizen there can be no forfeiture, and the lienholder may enforce his lien. The statute merely requires those taking liens from former liquor law violators to assume the risk if they revert to their former unlawful activities."

It is concluded that the Pontiac automobile in question should be condemned and forfeited to the United States of America, and that the claimant is not entitled to a remission or mitigation of the forfeiture.

This memorandum opinion will constitute the court's findings of fact and conclusions of law.