466 F.2d 618
 Fed. Sec. L. Rep. P 93,589
Ernest W. LOHF, as Trustee in Bankruptcy of the Estate of
Sudler, Hart & Co., a Colorado corporation, d/b/a
Sudler & Co., Appellant,
v.
William J.CASEY et al., Appellees.
 No.71-1683.
 United States Court of Appeals,
Tenth Circuit.
 Aug. 4, 1972.
Rehearing Denied Sept. 11, 1972.
 
 William D. Scheid, Denver, Colo., for appellant.
 G. Bradford Cook, Gen. Counsel, Securities and Exchange Commission, and Theodore H. Focht, Gen. Counsel, Securities Investor Protection Corporation (Walter P. North, Associate Gen. Counsel, and Richard S. Seltzer, Sp. Counsel, Securities and Exchange Commission, on the brief), for appellees.
 Before SETH and HOLLOWAY, Circuit Judges, and LANGLEY, District Judge.
 SETH, Circuit Judge.
 
 
 1
 This is an appeal by plaintiff, as trustee of a bankrupt brokerage firm, from an order dismissing the complaint for failure to state a claim upon which relief can be granted. The complaint, by the trustee of a broker who was registered as such under section 15(b) of the Securities Act of 1934 [15 U.S.C. Sec. 78o(b)], sought to require the defendants- appellees to take the action contemplated under the Securities Investor Protection Act of 1970 [15 U.S.C.A. Sec. 78aaa] for the protection of customers of a broker who is in financial difficulty. The action thus involves the interpretation of the Securities Investor Protection Act of 1970 in its application to the plaintiff.
 
 
 2
 On September 26, 1969, Sudler, Hart & Co., a Colorado broker-dealer, was adjudicated bankrupt. This action was subsequently filed by the plaintiff-trustee pursuant to an order of authorization entered by the referee in bankruptcy. On December 30, 1970, more than a year after the bankruptcy proceeding, the Securities Investor Protection Act took effect. The Act was designed to afford protection to the customers of broker-dealers who fell into financial difficulty. The Securities Investor Protection Corporation was created to implement the protection plan. The Act establishes SIPC as a private membership corporation and provides that all persons who are registered as brokers or dealers under section 15(b) of the 1934 Act shall be members. 15 U.S.C. Sec. 78o(b). Under the Securities Investor Protection Act the corporation was to have established an insurance fund drawing upon assessments against its members, and the fund was to afford protection to the customers of member firms unable to meet their obligations. Section 5 of the Act provides that once the Securities and Exchange Commission "is aware of facts which lead it to believe that any broker or dealer subject to its regulation is in or is approaching financial difficulty, it shall immediately notify SIPC, . . ." 15 U.S.C.A. Sec. 78eee(a)(1). Section 5(a)(2) further provides that if SIPC determines that any member "has failed" to meet its obligations to its customers and is insolvent, SIPC may apply to any court of competent jurisdiction for a decree adjudicating the customers of such member are in need of protection. 15 U.S.C.A. Sec. 78eee(a)(2).
 
 
 3
 In response to the plaintiff's prayer that the district court order the SEC and SIPC to proceed under 15 U.S.C.A. Sec. 78eee(a)(1) and (2), the defendants maintain that the Act does not assist the customers of a broker-dealer which has been adjudicated bankrupt prior to its enactment. Plaintiff asserts that the bankrupt is nevertheless a member of SIPC because its registration has not expired or been withdrawn or terminated pursuant to 15 U.S.C. Sec. 78o(b)(5) or (6). The defendants do not contest this assertion. Defendants argue however that the bankrupt in effect demands the retroactive application of the Act, the language and legislative history of which exclude such coverage.
 
 
 4
 Noting that the defendants do not challenge the assertion that the bankrupt is technically a member of SIPC, the district court, 330 F.Supp. 356, found that Congress did not intend that the Act operate retrospectively. With respect to the question of retroactivity the court held that in order to come within the Act a member of SIPC must be a broker-dealer registered with the SEC and doing business as such upon or after passage of the Act.
 
 
 5
 If the bankrupt is in fact a member of SIPC, the protection of the bankrupt's customers would not necessarily be a retroactive application of the Act. It is fundamental that ". . . a statute is not rendered retroactive merely because the facts or requisites upon which its subsequent action depends are drawn from a time antecedent to its enactment." Benjamin v. Hunter, 176 F.2d 269 (10th Cir.); Cox v. Hart, 260 U.S. 427, 43 S.Ct. 154, 67 L.Ed. 332 (1922). The construction of the Act contended for by the defendants would include "difficulties" which existed before the effective date of the Act. The Securities Investor Protection Act extends the benefits to a particular class of persons, that is those registered as brokers or dealers, a status which may or may not have existed at the effective date of the Act. The time of bankruptcy or fact of bankruptcy does not bear so much on the issue of retroactivity, but rather on the status of the broker within the meaning of the Act.
 
 
 6
 The language in question states that ". . . all persons registered as brokers or dealers under section 15(b) of the 1934 Act . . ." shall be members of SIPC. The appellant asserts that the language is plain and that its continuing registration is an obvious fact. It is argued that we may not ". . . under the guise of interpretation . . . nullify or vary the plain terms of a legislative enactment." City Nat. Bank, Lawton, Okl. v. United States, 207 F.2d 741 (10th Cir.). With that conclusion no one would disagree. However, it is apparent that plaintiff was not conducting its business as a broker or dealer at the effective date of the Act. The business was in the jurisdiction of the bankruptcy court, and the day to day decisions were being made by the trustee. We cannot consider plaintiff then to be a "broker or dealer," whether registered or not, as contemplated by the Act. It makes no difference for these purposes that plaintiff's registration had not been officially terminated, and thus the automatic membership in the Securities Investor Protection Corporation may have continued in form. It could not be expected that the Act could be applied to firms which had already gone out of business. Plaintiff thus did not have the status of a broker or dealer for the purposes of the Act.
 
 
 7
 Appellant urges that Congress recognized the broad scope of the Securities Investor Protection Act and rejected all SIPC membership requirements except formal broker-dealer registration. In support of its contention that a broker adjudicated insolvent prior to the effective date of the Act is yet a member of SIPC, appellant points out that a conditional coverage amendment requiring examination of fitness prior to coverage was decisively defeated. 116 Cong.Rec. 39369-70 (1970). In this regard, Congress was aware of the fact that the Securities Investor Protection Act accorded the status of membership to brokerage firms of varying financial condition. See 116 Cong.Rec. 39345-70 (1970). However, it is apparent that Congress was also aware of the problem of extending coverage to firms whose insolvency had been adjudicated prior to the effective date of the Act. Discussing the coverage in terms of retroactivity, Committee Chairman Moss commented that:
 
 
 8
 ". . . We have been concerned all along with the problem of providing protection to the customers of firms that might fail before enactment of the bill into law. We early anticipated this possibility but we have specifically declined to make the bill retroactive in its operation. The bill is prospective from the date of its enactment."
 
 
 9
 116 Cong.Rec. 39350-51 (1970). We must take this to mean firms or persons which were actually in business in the usual sense at the critical date were the "brokers or dealers" referred to. Congress was willing to extend coverage to then financially weak institutions and those of unknown strength, but the line was drawn to exclude those which had failed and were thus in fact not brokers or dealers. Consequently we hold that the Securities Investor Protection Act does not extend coverage to the customers of the plaintiff which was adjudicated bankrupt prior to December 30, 1970.
 
 
 10
 Affirmed.