**BOHART-McCASLIN VENTURES, INC., et al., Plaintiffs,**

v.

**MIDWESTERN SECURITIES CORPORATION et al., Defendants.**

**Civ. A. No. 2-1119.**

United States District Court, N. D. Texas, Amarillo Division.

Jan. 9, 1973.

Earnest L. Langley, E. Hazen Woods, Jr., Witherspoon, Aikin, Langley, Woods, Kendrick & Gulley, Hereford, Tex., for plaintiffs.

Theodore H. Focht, Gen. Counsel, Washington, D. C., Wilfred R. Caron, Asst. Gen. Counsel, for Securities Investor Protection Corp.

L. W. Sahley, pro se.

## MEMORANDUM AND ORDER

WOODWARD, District Judge.

The present action is brought by two corporations, various officers thereof, and one private individual against Midwestern Securities Corporation (Midwestern) and its directors; the National Association of Securities Dealers, Inc. (NASD); the Securities and Exchange Commission (SEC) and its Chairman; and the Securities Investor Protection Corporation (SIPC) and its directors. The case is before the Court on motion of defendant SIPC, on its own behalf and on behalf of its directors, to dismiss. Plaintiffs assert common-law diversity liability irrelevant to the present motion.

Plaintiffs also seek the protection of the Securities Investor Protection Act of 1970 (the Act), 84 Stat. 1636 (1970), 15 U.S.C. § 78aaa et seq., as a result of the alleged wrongful acts of defendant Midwestern and its directors. Plaintiffs seek a decree to the effect that plaintiffs are in need of the protection of the Act. On March 20, 1972, this Court dismissed the SEC and the NASD from the present action. Said order is hereby amended to include, as dismissed, the Chairman of the SEC. Said order shall in all other respects remain undisturbed.

Defendant SIPC contends that even if plaintiffs would otherwise be in need of the protection of the Act, plaintiffs have no valid cause of action against SIPC or its officers. SIPC advances two arguments supportive of its motion to dismiss. First, it asserts that the Act does not provide protection as a result of the alleged activities of Midwestern because said activities and actions complained of took place prior to the effective date of the Act, December 30, 1970. Second, defendant argues that plaintiffs have no standing to sue since exclusive standing following the refusal of SIPC to commit its funds or otherwise to act for the pro-

tection of customers is given to the SEC by section 7(b) of the Act, 15 U.S.C. § 78 ggg(b).

█ It is without dispute that the activities of Midwestern which are complained of occurred prior to the effective date of the Act, December 30, 1970. The SEC commenced an action against Midwestern on November 7, 1969, which resulted in a permanent injunction dated December 17, 1969, enjoining Midwestern from further violations of the registration and anti-fraud provisions of the Securities and Exchange Acts of 1933 and 1934. The SEC moved on June 3, 1970, for the appointment of a receiver for Midwestern. Said receiver was appointed February 19, 1971, by the United States District Court for the Southern District of New York.

Upon the entering of said injunction, Midwestern ceased the normal operations and activities of a broker-dealer (such as the private placement and underwriting of securities) and has not transacted business with public customers since that time. In June 1971, Midwestern attempted to file a debtor's petition in the United States District Court for the Southern District of New York praying to be adjudged insolvent within the purview of the Act and to have the SIPC appointed as its trustee for purposes of liquidation. Said petition was not accepted by the Court.

This Court is of the opinion that the Congress clearly did not intend protection to be afforded under the Act under the present set of circumstances. Although Midwestern continued to be technically and officially registered as a broker-dealer, it is evident that Midwestern had ceased doing business for purposes of the Act long prior to the effective date of the Act, as shown by the permanent injunction sought and obtained by the SEC, the application for receivership, and affidavits now in the record.

Furthermore, the legislative history of the Act makes it clear that customers of companies in serious difficulty prior to the effective date of the Act were not intended to enjoy the protection of SIPC. House Report No. 91–1613, 1970 U.S. Code Cong. and Adm.News at 5268, is unambiguous in this regard:

> It is the clear intention of your committee that SIPC assume no liability for firms either in net capital violation, in liquidation, or in bankruptcy at the time of the creation of SIPC.

In addition, Representative Moss, Chairman of the Subcommittee on Commerce and Finance, is recorded as follows on the floor of the House of Representatives:

> We [the Subcommittee] early anticipated this possibility [of providing protection to customers of broker-dealers which fail before passage of the act] but we have specifically declined to make the bill retroactive in its operation. The bill is prospective from the date of its enactment. [116 Cong.Rec. H–10924–25 (Dec. 1, 1970)]
>
> · · ·
>
> This bill does not cover retroactively. [*Id.* at H–10936.]

Clearly, to provide the protection which plaintiffs demand would deplete the funds of SIPC in a manner not contemplated by Congress.

The leading case dealing with the present controversy is Lohf v. Casey, 466 F.2d 618 (10th Cir. 1972). There, a broker-dealer was adjudicated bankrupt on September 26, 1969, long before the effective date of the Act. Plaintiff filed suit to require the SEC and SIPC to proceed under 15 U.S.C. § 78eee(a)(1) and (2). In holding in favor of defendant, the Tenth Circuit reasoned as follows:

> However, it is apparent that plaintiff was not conducting its business as a broker or dealer at the effective date of the Act. The business was in the jurisdiction of the bankruptcy court, and the day to day decisions were being made by the trustee. We cannot consider plaintiff then to be a 'broker or dealer,' *whether registered or not,* as contemplated by the Act. It

makes no difference for these purposes that plaintiff's registration had not been officially terminated, and thus the automatic membership in the [SIPC] may have continued in form. [466 F.2d at 620] [emphasis added] Referring then to the legislative history of the Act, the court explained that

We must take this to mean firms or persons which were *actually in business in the usual sense* at the critical date were the 'brokers or dealers' referred to. Congress was willing to extend coverage to then financially weak institutions and those of unknown strength, but the line was drawn to exclude those which had failed and were thus *in fact* not brokers or dealers. [466 F.2d at 621] [emphasis added]

For purposes of determining coverage under the Act, this Court discerns no legal difference between a firm in bankruptcy and a firm in the financial and legal condition which Midwestern suffered prior to the effective date of the Act. Midwestern, prior to the effective date of the Act, had ceased to be a broker-dealer in any real sense of that term and has not resumed the normal activities of a broker-dealer even at the present time.

This Court finds it unnecessary to determine whether to apply the Act for the protection of the customers of Midwestern would be to make such Act "retroactive." As explained by the court in the context of *Lohf,* "the time of bankruptcy or fact of bankruptcy does not bear so much on the issue of retroactivity, but rather on the status of the broker within the meaning of the Act." 466 F.2d at 620. So even if, as in *Lohf,* "the protection of the bankrupt's customers would not necessarily be a retroactive application of the Act," *Id.* at 620, the question for the *Lohf* court and for this Court is not whether Congress intended the statute to be retroactive but rather which firms, in light of their financial statuses, Congress intended to be covered by the Act. Thus the customers of Midwestern must be excluded

from protection under the Act even if Congress intended that SIPC may draw upon facts in Midwestern's condition existing prior to the effective date of the Act, when SIPC makes the determinations required by 15 U.S.C. § 78eee(a) (2).

■■ Therefore defendant SIPC and its directors must be dismissed on jurisdictional grounds. But even if this were not so, this Court holds that plaintiffs have no standing to bring suit against any defendant under the Act by virtue of section 7(b) of the Act, 15 U.S.C. § 78ggg(b). This subsection provides that

In the event of the refusal of SIPC to commit its funds or otherwise to act for the protection of customers of any member of SIPC, the Commission may apply to the district court of the United States in which the principal office of SIPC is located for an order requiring SIPC to discharge its obligations under this chapter and for such other relief as the court may deem appropriate to carry out the purposes of this chapter.

The Court interprets this subsection to mean that only the SEC may bring suit such as that in the present case. Section 78ggg, entitled "SEC functions," clearly gives the SEC regulatory powers over SIPC. Thus SIPC's powers are discretionary except when it is required to act pursuant to a court action initiated by the SEC.

Accordingly, section 78ggg(b) constitutes the only exception in the statute to the provisions of section 78eee(b), entitled "Court action." Section 78eee(b) sets forth the sole procedures for Court action under the Act (aside from those specified in section 78ggg(b)) and provides in section 78eee(b)(1)(A) and (B) that such court proceedings are "pursuant to subsection (a)(2) of this section." Subsection (a)(2) provides for application to a court only upon a discretionary determination by SIPC that a member has failed or is in danger of failing. There is absolutely no provision in section 78eee for an application

to a court except pursuant to the independent volition of SIPC. Thus section 78ggg(b) provides the only means by which a court may order SIPC to provide protection under the Act when the SIPC has not determined the need for such protection.

It is therefore the order of this Court that defendant SIPC and its directors be dismissed with prejudice from the present suit and that all causes of action asserted under the Securities Investor Protection Act of 1970 be likewise with prejudice dismissed.

Defendant SIPC will recover its costs against plaintiffs.